PEOPLE *v.* BURKE.

1. CRIMINAL LAW—APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—VARIANCE—WAIVER OF EXAMINATION.

Upon a record which fails to show whether respondents were examined or waived examination, pleaded to the information or stood mute, no foundation is laid for the contention that they were not examined as to the crime charged in the information.

2. SAME—FEDERAL JURISDICTION—EXCLUSIVENESS—BREAKING AND
ENTERING POST OFFICE.

> The crime of breaking and entering an office used as a post
> office, not adjoining to or occupied with a dwelling house,
> with intent to commit the crime of larceny, is punishable
> under 3 Comp. Laws, § 11547, in the courts of the State of
> Michigan, since section 5478, U. S. Comp. Stat. 1901, provides a
> punishment therefor without creating exclusive jurisdiction
> of such cases in the Federal courts.

Error to Hillsdale; Chester, J. Submitted April 21,
1910. (Docket No. 136.) Decided May 7, 1910.

James E. Burke, Charles Hadley, and William Miley
were convicted of breaking and entering an office under
3 Comp. Laws, § 11547, and sentenced to imprisonment
for not to exceed 15 years in the State prison at Jackson.
Affirmed.

*Frank M. Hall,* for appellants.

*John E. Bird,* Attorney General, and *Paul W. Chase,*
Prosecuting Attorney, for the people.

OSTRANDER, J. Respondents were convicted of the
crime of breaking and entering an office not adjoining to
or occupied with a dwelling house, with intent to commit
the crime of larceny therein. 3 Comp. Laws, § 11547.
The complaint charged the breaking and entering of "the
north part, ground floor, of the building known as the
Sutton Block, and owned by John R. Sutton,  *  *  *
used and occupied as a post office." The information
charges the breaking and entering of "the office situate
in the north part, apartment, and rooms on the ground
floor of the building known as the Sutton Block,  *  *  *
owned by John R. Sutton, and said office being rented,
leased, used, and occupied by the United States govern-
ment as a post office and for postoffice purposes." It is
one of the contentions of respondents that there is a vari-

ance between the complaint and the information; that they had no examination upon the charge stated in the information. It does not appear from the printed record whether respondents were examined, or whether they waived examination, whether they pleaded to the information or stood mute. There is therefore no apparent foundation for the contention.

The principal and the meritorious question presented is whether the Federal courts have exclusive jurisdiction to try and punish the respondents. We are referred to section 5478 of the Revised Statutes of the United States (17 U. S. Stat. p. 321, U. S. Comp. Stat. 1901, p. 3696), which provides a punishment for persons forcibly breaking into any post office or any building used in whole or in part as a post office, with intent to commit therein larceny or other depredation. Section 5328 of the same revision and same title (4 U. S. Stat. p. 122, U. S. Comp. Stat. 1901, p. 3622) reads as follows:

" Nothing in this title [Crimes] shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

Our attention has been directed by counsel for respondents to no statute of the United States in which the exclusive jurisdiction of the Federal courts in such cases is asserted. The decision in *People* v. *Fonda*, 62 Mich. 401 (29 N. W. 26), which is relied upon, goes expressly upon the ground that jurisdiction of State courts in such cases as the one there considered is expressly excluded by the statutes of the United States. If, therefore, the information charges an offense within 3 Comp. Laws, §· 11547, the court had jurisdiction to try and sentence the respondents. The description of the apartment entered as a post office, in conformity with the fact, is of no greater significance than would be the description, law office, if that were according to the fact. If the information had alleged the breaking and entering of an office situated on the first or ground floor of the described build-

ing, said office being then and there leased and occupied by the United States as a post office, the offense would have been in all essentials described as it is described in the information.

The information is good, and the conviction is affirmed.

HOOKER, MOORE, BLAIR, and STONE, JJ., concurred.