2. SAME—APPEAL AND ERROR—JUDGMENT.
    · Writ of *habeas corpus* cannot function as writ of error, neither
    may it serve to review or consider questions foreclosed by
    previous writ of error.

3. SAME—PURPOSE OF WRIT.
    Writ of *habeas corpus* deals only with radical defects rendering
    proceeding or judgment absolutely void.

4. CONSTITUTIONAL LAW—NEW CONSTITUTION SUPERSEDES EARLIER.
    No part of an old Constitution survives adoption of new one,
    but later in all respects supersedes earlier.

5. SAME—OPERATES IN LIMITING NOT GRANTING POWER.
    State Constitution operates in limiting and not in granting
    legislative power.

6. SAME—CRIMINAL LAW—INDICTMENT AND INFORMATION.
    Although Constitution of 1835 (article 1, § 11) required all crim-
    inal prosecutions for felonies to be by presentment or indict-
    ment of grand jury, subsequent Constitutions did not so
    require, and therefore legislature is free to provide for prose-
    cutions by information (3 Comp. Laws 1929, § 17215).

7. SAME—PROSECUTION BY INFORMATION—DUE PROCESS—CRIMINAL
    LAW.
    Criminal prosecutions by information, if authorized by statute
    and not regulated otherwise by State Constitution, constitute
    due process of law.

8. SAME—RETROSPECTIVE OPERATION OF STATUTE—VALIDITY OF STAT-
    UTE.
    Retrospective operation of statute may be held void without
    carrying taint to prospective operation.

9. Same—Statutes.

An act innocent when done may not be punished as a crime by subsequent legislation, but acts formerly innocent may be interdicted and made criminal if committed after legislation to such effect.

10. Same—Prohibition Law—Retrospective Operation—Illegal Possession.

That prohibition law (Act No. 53, Pub. Acts 1919, 2 Comp. Laws 1929, § 9139) was given retrospective operation in regard to illegal possession of intoxicating liquor did not render it void as to an act of illegal possession which occurred after said act, took effect.

11. Same—Prohibition Law Constitutional.

Contention that prohibition law (Act No. 53, Pub. Acts 1919, 2 Comp. Laws 1929, § 9139), is unconstitutional is without merit.

12. Habeas Corpus—Illegal Possession—Habitual Criminal.

Person legally convicted of illegal possession of intoxicating liquor under Act No. 53, Pub. Acts 1919 (2 Comp. Laws 1929, § 9139), and sentenced as habitual criminal, is not entitled to be discharged from prison, and therefore writ of *habeas corpus* is dismissed.

Petition by A. Stanley Copeland for writ of *habeas corpus* against Harry H. Jackson, warden of Michigan State prison at Jackson, to obtain release of Fred Palm. Submitted October 27, 1931. (Calendar No. 36,121.) Writ dismissed November 10, 1931.

*A. Stanley Copeland,* for plaintiff.

*Paul W. Voorhies,* Attorney General, and *Edward A. Bilitzke,* Assistant Attorney General, for the people.

Wiest, J. It being represented by petition that Fred Palm, confined in the State prison at Jackson, is unlawfully deprived of his liberty, we issued our

writ of *habeas corpus,* directed to the warden. The return of the warden shows that, on September 29, 1927, in the circuit court for the county of Ingham, upon his pleas of guilty to informations charging him with illegal possession of intoxicating liquor, and that he had previously been convicted of six felonies, Fred Palm was convicted and sentenced to the State prison for life; that on January 15, 1930, the governor of the State commuted the sentence to read "from 7½ to 15 years." In *People* v. *Palm,* 245 Mich. 396, we reviewed his conviction by writ of error and in all respects affirmed the same, and the questions there decided may not be reviewed in this proceeding; neither may further review of alleged errors, short of jurisdiction of the circuit court, be had herein.

The writ of *habeas corpus* cannot function as a writ of error (*In re Joseph,* 206 Mich. 659; 29 C. J. p. 19); neither may it serve to review or consider questions foreclosed by previous writ of error. The writ deals only with radical defects rendering a proceeding or judgment absolutely void. As stated, Palm reviewed his conviction by writ of error. Had he failed to do so he could not now press questions reviewable by writ of error.

As stated in *Goto* v. *Lane,* 265 U. S. 393 (44 Sup. Ct. 525):

"If the petitioners permitted the time within which a review on writ of error might be obtained to elapse and thereby lost the opportunity for such a review, that gave no right to resort to *habeas corpus* as a substitute."

No ancillary writ of certiorari to bring up the record was sought or granted herein; nor was it necessary to do so to present the only points now open to the prisoner.

It is urged, in behalf of Palm, that the first Constitution of the State, adopted in 1835, expressly required all criminal prosecutions for felonies to be by presentment or indictment of a grand jury (Const. 1835, art. 1, § 11), and, subsequent constitutions being silent on the subject, the mandate still prevails. The answer to this is obvious. No part of an old Constitution survives adoption of a new one; the later in all respects supersedes the earlier. It is a well-settled principle of law that a State Constitution operates in limiting and not in granting legislative power. The mandate in the Constitution of 1835 limited the legislative power in the respect mentioned, while subsequent Constitutions left the subject free to legislative control, and, therefore, the legislature rightly could and did provide for criminal prosecutions by information. See Act No. 138, Laws of 1859, 3 Comp. Laws 1929, § 17215. This affords an accused a preliminary examination before a magistrate, opportunity to come face to face with accusers, to question them and to have knowledge of the evidence against him. Criminal prosecutions by information, if authorized by statute and not regulated otherwise by the Constitution of a State, constitute due process of law.

As said in *Brown* v. *New Jersey,* 175 U. S. 172 (20 Sup. Ct. 77):

"The State is not tied down by any provision of the Federal Constitution to the practice and procedure which existed at the common law. Subject to the limitations heretofore named (not in Palm's case involved) it may avail itself of the wisdom gathered by the experience of the century to make such changes as may be necessary. For instance, while at the common law an indictment by the grand jury was an essential preliminary to trial for felony,

it is within the power of a State to abolish the grand jury entirely and proceed by information. *Hurtado* v. *California,* 110 U. S. 516 (4 Sup. Ct. 111, 292).''

See, also, *Bolln* v. *Nebraska,* 176 U. S. 83 (20 Sup. Ct. 287).

It is urged, in behalf of Palm, that Act No. 53, Pub. Acts 1919, constituted acts of innocence prior to May 1, 1918, felonies thereafter, and violated the constitutional prohibition against *ex post facto* laws.

Palm was convicted of the crime of unlawful possession of intoxicating liquor in 1927. The prohibition act of 1917 (section 2, Act No. 338, Pub. Acts 1917 [2 Comp. Laws 1929, § 9139]), effective May 1, 1918, did not cover mere possession of intoxicating liquor, but was amended by Act No. 53, Pub. Acts 1919, to cover possession on and after May 1, 1918. Such retrospective operation, it is contended, rendered the law as to possession void, because in violation of the inhibition against *ex post facto* laws. Palm was not prosecuted for an act of possession previous to the amendment of 1919, but for an act of possession in 1927, and, unless the amendment was void for all purposes, and, therefore, possession no crime at the time of his conviction, the point is without merit. The retrospective operation of the statute may be held void without carrying the taint to prospective operation. An act, innocent when done, cannot be punished as a crime by subsequent legislation, but acts, formerly innocent, may be interdicted, and made criminal if committed after legislation to such effect. Limiting the mentioned amendment to prospective operation only does not at all alter the situation of Palm to his disadvantage, for the law, at the time of his offense, constituted his act a felony.

The very point urged, in behalf of Palm, against the validity of the amendment, was considered in the *habeas corpus* proceeding of *Jaehne* v. *New York,* 128 U. S. 189 (9 Sup. Ct. 70), and it was held, quoting Cooley, Constitutional Limitations (5th Ed.), p. 218:

" 'A legislative act may be entirely valid as to some classes of cases and clearly void as to others. A general law for the punishment of offenses, which should endeavor to reach by its retroactive operation acts before committed, as well as to prescribe a rule of conduct for the citizen in future, would be void so far as it was retrospective; but such invalidity would not affect the operation of the law in regard to the cases which were within the legislative control.' "

The contention that the prohibition act is unconstitutional is without merit.

Previous to applying for our writ of *habeas corpus* Palm obtained such a writ in the circuit court for the county of Jackson, had a hearing thereon, and was denied release. Review thereof is not before us by certiorari, but a printed record thereof has been submitted in behalf of petitioner and an examination thereof discloses no ground for discharge of the prisoner.

The prisoner is not entitled to be discharged, and the relief prayed for is denied, and the writ dismissed.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.