*In re* VAN DYKE.

1. Habeas Corpus—Questions Reviewable—Great Weight of Evidence.

　Whether or not verdict of conviction was against the great weight of the evidence is not a proper question for determination in a *habeas corpus* proceeding.

2. Same—Criminal Law—Courts—Jurisdiction.

　*Habeas corpus* is not a remedy available to one convicted of a crime and committed by a court that has acquired jurisdiction and has not abused its power.

3. Same—Appeal and Error.

　*Habeas corpus* proceeding may not be substituted for review by writ of error.

4. Criminal Law—Jurisdiction—United States—Postoffices.

　While specific crime of using explosives for purpose of committing larceny in a building used as a fourth-class postoffice is not set forth in sections of United States criminal code, sections under which offense might be prosecuted do not give United States exclusive jurisdiction to prosecute any such an offense (18 USCA, § 547).

5. SAME—JURISDICTION—FOURTH-CLASS POSTOFFICES.

State court has jurisdiction of crime committed in building leased to postmaster for use as a fourth-class postoffice, since it is neither owned nor leased by the United States nor has the State ever ceded jurisdiction over the premises.

6. ARREST—ISSUANCE OF WARRANT—DELAY.

Delay of two months before issuance of warrant by State authorities for crime committed on premises rented to postmaster for use as fourth-class postoffice, occasioned by investigation conducted by Federal authorities, *held,* insufficient reason to reverse conviction.

7. HABEAS CORPUS—COURT—JURY—PREJUDICE.

Claim that court and jury were prejudiced in prosecution of defendant for using an explosive for purpose of committing larceny in building used as fourth-class postoffice is dismissed on *habeas corpus* in absence of showing to that effect.

*Habeas corpus* proceedings by Otto Van Dyke with accompanying certiorari to Parm C. Gilbert, circuit judge, to obtain release from branch of State prison at Marquette. Submitted April 7, 1936. (Calendar No. 38,838.) Writs dismissed June 11, 1936. Rehearing denied September 3, 1936. Certiorari to Supreme Court of the United States denied December 14, 1936. 299 U. S. — (57 Sup. Ct. 236).

*Otto Van Dyke, in pro. per.*

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for the people.

BUTZEL, J. Otto Van Dyke petitioned for an original writ of *habeas corpus,* accompanied by an ancillary writ of certiorari. He had been charged with entering a certain building known as the Walloon Lake postoffice and then and there using a high explosive, nitro-glycerine, for the purpose of committing the crime of larceny; also, with breaking and entering in the nighttime the building known

as the Walloon Lake postoffice with the intent to commit the crime of larceny therein. He was convicted on the first charge.

He was seen in the Walloon Lake postoffice, looking it over the day before the crime was committed. He was again seen in the vicinity of the postoffice some hours before the safe was blown. The time of the looting was placed at between 9:15 and 10 p.m., when an explosion was heard. At about 5 p.m. that day the proprietor of a restaurant but a few miles from the postoffice refused to accept 15 cents from petitioner for food when the latter stated that it was the only money he possessed. He was not positively identified but recognized as looking like the man whom an automobilist and wife picked up shortly after the explosion, not far from Walloon Lake, and permitted to ride with them to Petoskey. He was positively identified by the night clerk of a hotel in Petoskey as the man who displayed considerable money and took a cab somewhat later that night from the hotel to Cheboygan, at the cost of $7. The morning after the explosion, footprints were found in the snow which exactly measured with petitioner's shoes. He gave written notice of an alibi but failed to substantiate it, for neither he nor anyone else testified in his behalf. The present proceeding is not the proper one in which to determine whether the verdict was against the great weight of the evidence. *Habeas corpus* is not available to one convicted of a crime and committed by a court that has acquired jurisdiction and has not abused its power. *In re Palm,* 255 Mich. 632; *In re Krusiewicz,* 263 Mich. 74. *Habeas corpus* may not be substituted for writ of error. *People* v. *Harris,* 266 Mich. 317.

The only other question raised and worthy of consideration is whether the State authorities had any jurisdiction in the instant case in view of petitioner's claims that the United States government had exclusive jurisdiction over the crime. No objection whatsoever was made to the jurisdiction of the court at the trial. The Walloon Lake postoffice in the information is described as being in the township of Melrose in Charlevoix county. In affidavits filed in opposition to Van Dyke's petition for leave to present a motion for new trial it appears that the Walloon Lake postoffice is a fourth-class postoffice located in a building neither owned nor leased by the United States government, but owned by a private individual and rented to the postmaster. Sections of the United States criminal code under which the acts of petitioner might have been punished are modified by 18 USCA, § 547 (Criminal Code, § 326), which provides:

"Nothing in sections 1 to 553, 567, 568 and 571 of this title (Crimes) shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

See *People* v. *Burke,* 161 Mich. 397. Moreover, we do not find that the specific crime of using explosives for the purpose of committing the crime of larceny is listed in the category of crimes set forth in any of the sections of the United States criminal code. In voluminous briefs petitioner claims that section 547 is unconstitutional; that *People* v. *Burke, supra,* should be overruled. Even if there might be merit to petitioner's claim that the United States had exclusive jurisdiction if the offense were committed upon premises owned and

controlled by the government, purchased by consent of the legislature of the State, and used for postoffice purposes (Art. I, § 8, par. 17, Constitution of the United States), the Walloon Lake postoffice does not come under such classification. It is neither owned by nor leased to the United States nor has the State of Michigan ever ceded jurisdiction over the premises. It is a fourth-class postoffice and under the laws of the United States and the postal regulations of the Federal government, the government does not lease quarters for a fourth-class postmaster. A claim similar to the petitioner's was made in *Brooke* v. *State,* 155 Ala. 78 (46 South. 491), where it was shown that the postoffice in which the crime was committed was merely rented by the postmaster. The court properly held that the State court had jurisdiction.

Petitioner further claims that he was held for almost two months before a warrant was issued by the State authorities. During this time he admits that Federal authorities were conducting an investigation. We cannot hold that a conviction which was in no way affected by such delay should be upset on that account. *People* v. *Miller,* 235 Mich. 340. We also dismiss the claim that court and jury were prejudiced as there is no showing to that effect.

We find no merit whatsoever in petitioner's claims and the writs are dismissed.

North, C. J., and Fead, Wiest, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., took no part in this decision.