*In re* BRAZEL.

1. CONSTITUTIONAL LAW—EX POST FACTO LAWS—HABITUAL CRIMINAL ACT.

The habitual criminal act, authorizing augmented punishment for fourth offenders, is not unconstitutional as an *ex post facto* law although two of the prior convictions were had prior to its enactment (U. S. Const. art. 1, § 10; Mich. Const. 1908, art. 2, § 9; 3 Comp. Laws 1929, §§ 17338–17341).

2. INDICTMENT AND INFORMATION—SPECIFIC CHARGES AS TO PREVIOUS OFFENSES RENDERS SUPPLEMENTAL INFORMATION UNNECESSARY.

In prosecution of one charged with fourth offense in which information specifically charges the three former convictions, defendant pleaded guilty, and before being sentenced informed court that he knew what the law was in regard to fourth offense, it was unnecessary to file supplemental information (3 Comp. Laws 1929, §§ 17338–17341).

3. SAME—HABITUAL CRIMINAL ACT—CHARGING PREVIOUS OFFENSES.

Under the habitual criminal act prior convictions can be charged in an information for a subsequent offense where the prosecutor has knowledge thereof on filing the information; or later in separate proceedings by a supplemental information where he acquires such knowledge subsequent to conviction (3 Comp. Laws 1929, § 17341).

4. SAME—SUPPLEMENTAL INFORMATION—PURPOSE.
> Provision of habitual criminal act requiring that a supplemental
> information be filed by prosecuting attorney where after con-
> viction of an offense it was discovered that previous convictions
> had been had was to give the accused the right to .trial on
> such issue and to require the people. to prove identity of the
> accused as related to former convictions and to permit revision
> of sentence (3 Comp. Laws 1929, § 17341).

5. HABEAS CORPUS—WRIT OF ERROR.
> Generally, *habeas corpus* will not be permitted to perform the
> function of a writ of error.

6. CRIMINAL LAW—EXCESSIVE OR ILLEGAL SENTENCE—REMEDY.
> In prosecution under habitual criminal act of which a court has
> jurisdiction, if the sentence is excessive or illegal, the defend-
> ant's remedy is either *by motion to set aside the sentence or
> by appeal or by both* (3 Comp. Laws 1929, §§ 17338–17341).

7. HABEAS CORPUS—SCOPE OF REVIEW—WRIT OF ERROR.
> Since the writ of *habeas corpus* deals only with radical defects
> rendering a proceeding or judgment absolutely void, it may
> not serve to review questions which were or might have been
> reviewed by writ of error.

. 8. SAME—EXCESSIVENESS OF SENTENCE UNDER HABITUAL CRIMINAL
ACT.
> Question as to excessiveness of sentence under the habitual
> criminal act is not reviewable by *habeas corpus* (3 Comp. Laws
> 1929, § 17341).

Habeas corpus proceedings with accompanying
certiorari to Clifford A. Bishop, successor to Edward
D. Black, Genesee Circuit Judge, to inquire into the
detention of Clyde Brazel by Harry H. Jackson,
Warden of State Prison of Southern Michigan.  Sub-
mitted May 1, 1940.  (Calendar No. 41,002.)  Writs
dismissed June 3, 1940.

*Clyde Brazel, in pro per.*

*Thomas Read,* Attorney General, and *Edmund E.
Shepherd* and *Andrew De Maggio,* Assistants Attor-
ney General, for the people.

CHANDLER, J. On January 4, 1940, a writ of *habeas corpus* issued out of this court to inquire into the cause of petitioner's restraint in the State Prison of Southern Michigan, and an ancillary writ of certiorari was directed to the Honorable Clifford A. Bishop, circuit judge in Genesee county, successor to the Honorable Edward D. Black, a former circuit judge, now deceased. Returns to said writ of *habeas corpus* and ancillary writ of certiorari have been filed.

Petitioner alleges, and the return of Judge Bishop shows, that on January 4, 1938, a complaint was filed before a municipal judge of the city of Flint in said county of Genesee, charging Clyde Brazel, petitioner, with having falsely and feloniously forged a certain medical prescription for narcotics, in an attempt to obtain narcotics, contrary to the form of the statute of the State of Michigan, which said complaint further charged that petitioner, respondent in the criminal case, on June 16, 1930, in the circuit court for the county of Genesee was convicted of carrying concealed weapons; that on July 14, 1921, in the circuit court for the county of Genesee, respondent was convicted of larceny of narcotics from a certain store of the approximate value of $25; and that on October 25, 1917, respondent was convicted in the circuit court for the county of Genesee of having feloniously and burglariously broken and entered a certain store in the city of Flint with intent to commit the crime of larceny. Said complaint further charged that the first offense therein set forth, that is, the charge of falsely and feloniously forging a certain medical prescription for narcotics with the intent to obtain narcotics, was a fourth offense under and contrary to the form of the statute of the State of Michigan.

The warrant issued pursuant to said complaint sets forth the complaint in full.

Respondent in the criminal case, petitioner herein, was taken before the municipal judge who issued the warrant on January 4, 1938, where the charge contained in the complaint and warrant was read to him and he expressly waived examination and was bound over for trial to the circuit court for the county of Genesee.

The return of the circuit judge shows that on February 9, 1938, the prosecuting attorney filed an information charging respondent with the offense set forth in the complaint and warrant and setting forth in detail the prior convictions therein referred to. The circuit court journal shows the following entries for February 9, 1938:

(first) "The respondent in this cause, having been arraigned at the bar in open court, and the information having been read to him by the prosecuting attorney, pleaded thereto guilty."

(second) "Clyde Brazel, the respondent in this cause, having been upon his plea of guilty to the information filed against him in this cause, convicted of the crime of forgery of signature, as appears by the record thereof, and the court before pronouncing sentence upon such plea, being satisfied after such investigation as was deemed necessary for that purpose, respecting the nature of the case and the circumstances of such plea, that the same was freely made and with full knowledge of the nature of said accusation and without any undue influence; and having been by the prosecuting attorney brought to the bar of the court for sentence, and having there been asked by the court if he had anything to say why judgment should not be pronounced against him and having said what he had to say.

"Therefore, it is ordered and adjudged by the court now here that the said respondent be confined in the southern Michigan prison at Jackson for a period of

not less than 7½ years nor more than 15 years, with no recommendation, from and after this date.''

A transcript of proceedings had at the time of sentence is returned and shows the following pertinent facts:

''*Q.* How long have you been addicted to the use of narcotics?

''*A.* Why, through affiliation, the Ionia sentence, I got connected with it.

''*Q.* Over there at Ionia. Did you get it in prison?

''*A.* I don't know how they got it; they got it, smuggled it in. I got started there; they paroled that bunch to Flint, Grand Rapids boys from Chicago, from all over, I guess. I quit it, I quit this time over 7 years, and I had gall bladder trouble, eventually got back on it, but I only been on it three or four months this time.

''*Q.* You know what the law is in regard to a fourth offense?

''*A.* Yes, sir.

''*Q.* You know that the court has no discretion in the matter. It is unfortunate for you that you could not stop and did not stop when you had quit once and continued getting along without it. What do you do, do you shoot it into your arm?

''*A.* Yes, sir.

''*The Court:* The only thing I can do is to sentence you, and the sentence of the court is that you be confined in the Michigan Southern Prison at Jackson, for a period of not more than 15 years nor less than 7½ years, without any recommendation.''

The petitioner appears in his own proper person and has filed a brief in support of his petition, which we have reviewed most carefully and conclude that the following questions are presented for our determination:

1. That inasmuch as it appears from the information charging a fourth offense that two of such prior

convictions were had prior to the enactment of the habitual criminal act (3 Comp. Laws 1929, §§ 17338–17341 [Stat. Ann. §§ 28.1082–28.1085]), authorizing augmented punishment for fourth offenders, does said statute being given retroactive effect render it an *ex post facto* law and, therefore, unconstitutional?

2. That under the circumstances disclosed by the record, respondent having been arrested on information charging a felony, and alleging three prior convictions as grounds for augmented punishment under the so-called habitual criminal act, are his constitutional and statutory rights invaded?

3. If the prosecuting attorney desired to subject respondent to punishment as a fourth offender under the provisions of 3 Comp. Laws 1929, § 17341 (Stat. Ann. § 28.1085), was it necessary that he file a supplemental information?

4. Is *habeas corpus* an appropriate remedy to correct an alleged illegal and excessive sentence pronounced upon a plea of guilty to a felony setting forth three prior convictions as the basis for augmented punishment under the so-called habitual criminal act?

We will answer these questions in the order stated.

1. The contention of petitioner that the court imposed a sentence under an *ex post facto* law is without merit.* This same question was raised and settled contrary to his contention in *People* v. *Palm,* 245 Mich. 396, 398–400, wherein we said:

"The sentence was imposed under the mandatory provision of section 12 of chapter 9 of Act No. 175 of the Public Acts of 1927 (the code of criminal procedure) * * *

"The information to which defendant pleaded guilty, and on which the sentence of life imprisonment was imposed, charged that before the filing

* See U. S. Const. art. 1, § 10; Mich. Const. 1908, art. 2, § 9.—RE-PORTER.

thereof the defendant had been once convicted of burglary and four times of violation of the law prohibiting the manufacture or sale, et cetera, of intoxicating liquors in the circuit court for the county of Ingham, in which such information was filed. It also charged that on February 2, 1920, defendant was convicted in the United States district court for the eastern district of Michigan of defacing the lawful currency of the United States. * * *

"The manner in which the criminal code was prepared, and the purpose of its enactment, was referred to in *People* v. *Lintz*, 244 Mich. 603. The provision for increased sentence when the defendant had been theretofore convicted is not new in this State. Sections 5948 and 5949, 2 Comp. Laws 1857, contained provision therefor, and have been continued in force without change. They appear as sections 15612 and 15613, 3 Comp. Laws 1915. This court has sustained sentences imposed thereunder. *People* v. *Campbell*, 173 Mich. 381. The mandatory provision in the present law is its chief additional feature."

2 and 3. These two questions may well be considered together. It appears from the transcript of the proceedings that the respondent knew what the law was in regard to a fourth offense because the court, after a plea of guilty and before sentence, specifically asked him in regard thereto:

"*Q.* You know what the law is in regard to a fourth offense?

"*A.* Yes, sir."

The sentence imposed upon the petitioner was upon his plea of guilty to an information in which he was specifically charged with three former convictions of felonies coupled with the fourth charge which brought about his arrest. In *People* v. *Campbell*, 173 Mich. 381, the defendant was charged with the offense of extortion and former convictions were set

up in the information as provided by our former habitual criminal law authorizing added punishment for second and third offenses (3 Comp. Laws 1897, §§ 11785, 11786). The respondent was tried, convicted and sentenced, and this court on appeal, concerning the allegations of such former convictions, said:

"By the provisions of the sections quoted, it was necessary that the allegations of such former convictions should be contained in the information and, if not admitted, proved on the trial, which statutory requirement must be complied with in order to give the court jurisdiction to sentence respondent as for a third offense."

It will be noted that 3 Comp. Laws 1897, § 11785, contained the express mandate that the prior convictions be alleged in the indictment on which conviction of any offense is had.

This was not true of the prohibition law of 1917, as amended,* which contained certain provisions in respect to increased punishment for second and subsequent offenses. Attention is called to Act No. 338, Pub. Acts 1917, where it will be noted that there was no provision requiring the prior convictions to be alleged in the indictment. However, this court held that in order to confer jurisdiction the information must include allegations which specify the prior convictions and that a respondent under such circumstances was entitled to a preliminary examination. See *People* v. *Ancksornby,* 231 Mich. 271; *People* v. *McDonald,* 233 Mich. 98; *People* v. *Van Vorce,* 240 Mich. 75.

We must conclude that prior convictions can be charged in an information for a subsequent offense

* Act No. 338, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 7079 [1] *et seq.*)—Reporter.

where the prosecutor has knowledge thereof on filing the information, or later in separate proceedings by a supplemental information under 3 Comp. Laws 1929, § 17341 (Stat. Ann. § 28.1085), where such officer acquires such knowledge or information subsequent to conviction.

It is the contention of the respondent that it was mandatory for the prosecutor to proceed by supplemental petition in order to augment his punishment for prior convictions by supplemental information under the provisions of 3 Comp. Laws 1929, § 17341 (Stat. Ann. § 28.1085).

We do not think respondent's rights could be any more safely guarded by supplemental information than was done in the instant case. Each of the three prior convictions was set forth in detail in the information, as well as in the complaint, examination thereon being expressly waived. All of the proceedings show that he was definitely informed of the precise nature of the accusations made against him and that he was conversant with the law with reference to his rights as a fourth offender.

We hold that it is not necessary to file a supplemental information where said previous convictions are known to the prosecuting attorney at the time of the filing of the information and are fully detailed therein, and that the intent and purpose of the statute are fully served by setting forth in the original information the previous convictions in detail, as well as the offense charged therein. The very wording of the section of the statute under consideration clearly so indicates:

"*If at any time after conviction and either before or after sentence,* it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in any of the three foregoing sec-

tions, it shall be the duty of the prosecuting attorney of the county in which such conviction was had to file an information in such cause accusing the said person of such previous convictions.'' 3 Comp. Laws 1929, § 17341 (Stat. Ann. § 28.1085).

In the instant case, the fact of these previous convictions was known to the prosecutor and fully set forth in the complaint filed with the municipal judge and the information filed in the circuit court.

Unquestionably the statute in question was enacted for the protection of a convicted person in the event he should be brought before the court on a supplemental information, as authorized by said section, and given the right to a trial by a jury or before the court, if he preferred, and to require the people to prove the identity of the accused as related to the former convictions. We also hold that said section was added to enable the prosecutor to file his supplemental information where he discovers such prior convictions so that a sentence might be revised to include augmented punishment prescribed by the statute for incorrigible criminals.

4. But for the fact that petitioner is here without benefit of counsel, we might well have disposed of this case upon the proposition that it is a general rule that *habeas corpus* will not be permitted to perform the function of a writ of error.

In the instant case, there is no question about the jurisdiction of the trial court to hear and determine the charges made in the information. Upon respondent's plea of guilty, he not only had jurisdiction but it was his duty to impose sentence. If the sentence was excessive or if it was illegal, respondent's remedy was either by motion in the court below to set aside sentence or by review in this court, or by both. He did not pursue this course, but after wait-

ing nearly two years, seeks a review of the proceedings of the trial court by *habeas corpus*.

The identical question involved has been before this court on many occasions. In *Re Palm*, 255 Mich. 632, we said:

"The writ of *habeas corpus* cannot function as a writ of error (*In re Joseph*, 206 Mich. 659; 29 C. J. p. 19); neither may it serve to review or consider questions foreclosed by previous writ of error. The writ deals only with radical defects rendering a proceeding or judgment absolutely void. As stated, Palm reviewed his conviction by writ of error. Had he failed to do so he could not now press questions reviewable by writ of error."

See, also, *In re Gardner*, 260 Mich. 122; *People* v. *Harris*, 266 Mich. 317.

In view of the cases referred to and others, it is incumbent upon us to dismiss the writ in this case. It is so ordered.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred.