## *In re* FRANKS.

1. HABEAS CORPUS—EXCESSIVE SENTENCE—QUESTIONS REVIEWABLE.
   Question as to whether sentence imposed upon petitioner under
   the habitual criminal act was excessive because one of the
   convictions considered as a previous conviction had been had
   in Federal court was not reviewable on habeas corpus, the
   proper method for review being by writ of error or appeal
   (3 Comp. Laws 1929, § 17340).

2. SAME—IRREGULAR SENTENCE.
   When there is a valid conviction and an irregular sentence which
   may, under the law, be corrected by a new sentence, habeas
   corpus will not be permitted to perform the function of a writ
   of error.

3. SAME—IRREGULAR SENTENCE—IMMEDIATE DISMISSAL—HABITUAL
   CRIMINAL LAW.
   Writ of habeas corpus and ancillary writ of certiorari, issued
   upon claim of petitioner that trial court's sentence of life as
   a fourth offender under the habitual criminal law was illegal
   because that court considered petitioner's conviction in the
   Federal court as one of the previous felonies with which he
   was charged in the supplemental information, are dismissed
   where, even as a third offender, petitioner was subject to a
   mandatory sentence of 15 to 30 years, had not served the
   minimum sentence, and was not, therefore, entitled to imme-
   diate release (3 Comp. Laws 1929, §§ 17339, 17340).

Habeas corpus proceedings with accompanying
certiorari to the Allegan circuit judge to inquire into
the detention of Homer Franks by the warden of the
State Prison of Southern Michigan. Submitted
February 18, 1941. (Calendar No. 41,396.) Writs
dismissed April 8, 1941.

*Herbert W. Smith,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

North, J. Homer Franks, petitioner herein, upon his plea of guilty in the circuit court of Allegan county, was convicted of breaking and entering in the nighttime with intent to commit larceny. Thereafter he was arraigned before the court upon a supplemental information wherein it was charged that Homer Franks had previously been convicted of three separate felonies. On examination in open court he admitted that he was the person convicted in each of the three felonies specified in the supplemental information. But he challenged the circuit judge's attention to the fact that one of such previous convictions was in a Federal court for the offense of counterfeiting; and he urged that because it was a conviction in a Federal court, as contradistinguished from a State court, it could not be considered a previous conviction under a statute of this State and thereby render him subject to the augmented punishment of a fourth offender as provided in the statute. The circuit judge, concluding that the Federal conviction should be included, sentenced petitioner to the State Prison of Southern Michigan as a fourth offender for life. 3 Comp. Laws 1929, § 17340 (Stat. Ann. § 28.1084). The commitment was issued on June 24, 1936, and since that date petitioner has been confined. No appeal was taken from the sentence imposed.

On the present petition of Homer Franks, writs of habeas corpus and ancillary certiorari were issued by this Court on October 15, 1940. The ground upon which the writs were issued was petitioner's contention that the sentence of the trial court was illegal because that court considered petitioner's

conviction in the Federal court as one of the previous felonies with which he was charged in the supplemental information.

The question raised by petitioner is not reviewable by habeas corpus. Instead, the proper method is by writ of error or appeal. *In re Butler,* 138 Mich. 453. After citing in the above case several earlier decisions, the Court said:

"These cases sustain the rule that when there is a valid conviction and an irregular sentence, which may, under the law, be corrected by a new sentence, habeas corpus will not be permitted to perform the function of a writ of error."

And if it be assumed that sentencing petitioner as a fourth offender was *unlawful,* rather than irregular, still his right of review was by appeal, not by habeas corpus. See *In re Palm,* 255 Mich. 632; *In re Gardner,* 260 Mich. 122; *In re Guilmette,* 261 Mich. 684; *In re Krusiewicz,* 263 Mich. 74; *People* v. *Harris,* 266 Mich. 317; *In re Long,* 266 Mich. 369; *In re Van Dyke,* 276 Mich. 32; *In re Offill,* 293 Mich. 416, 419; *In re Brazel,* 293 Mich. 632, 641; *In re Stone,* 295 Mich. 207.

Unquestionably the circuit court had jurisdiction to try, determine, and pass judgment incident to the offense of breaking and entering with which petitioner was there charged. If the sentence passed upon petitioner as a fourth offender was excessive and therefore irregular, review could not be had by habeas corpus because this Court could not correct the irregularity. Such relief would be obtainable only by proper motion in the trial court or by appeal to this Court; and upon determination by this Court that the sentence was excessive, the case would be remanded to the circuit court for passing a valid sentence. Under no view of the record in the pres-

ent proceedings is the petitioner entitled to *immediate* release. Even as a third offender he was subject to a mandatory sentence for a term of not less than 15 nor more than 30 years. 3 Comp. Laws 1929, § 17339 (Stat. Ann. § 28.1083). It follows that the writs must be dismissed.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.