Charles COAKLEY, Petitioner,

v.

UNITED STATES DISTRICT COURT,
EASTERN DISTRICT, SOUTHERN DI-
VISION, MICHIGAN, Respondent.

Undocketed.

United States Court of Appeals
Sixth Circuit.

June 27, 1961.

Charles Coakley, in pro. per.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

ORDER.

Petitioner, Charles Coakley, has filed in this court pleadings denominated respectively as Petition for Writ of Mandamus and Motion to Proceed in Forma Pauperis. From these papers, their supplements, and from various exhibits attached, this Court gleans the following:

1. Petitioner is now confined in the State Prison of Southern Michigan at Jackson, Michigan. He is serving a sentence of two to fourteen years, imposed on him on April 4, 1952, following his plea of guilty to a charge of uttering and publishing a fraudulent check. Such plea was entered on March 25, 1952. He originally pleaded not guilty to the charge. He was represented for a time by his privately retained counsel, an able and reputable member of the Bar of Detroit, Michigan. Such counsel, however, subsequently withdrew and another able and reputable member of the Detroit Bar was appointed to represent him, and did so at the time of petitioner's withdrawal of his original plea of not guilty, and the entering of his plea of guilty. Petitioner does not charge either of his lawyers with incompetency in their representation of him.

2. In 1957, petitioner began a series of procedural steps in the Recorders Court of Detroit, Michigan, without obtaining the relief sought. These steps constituted his effort to be permitted to withdraw his plea of guilty and to have his sentence vacated. In the Recorders Court he was denied relief. No application for leave to appeal to the Michigan Supreme Court was made.

3. In 1959 he made an application for a writ of habeas corpus in the Supreme Court of Michigan. It was denied on November 24, 1959. Under Michigan law, habeas corpus may not be employed as a substitute for appeal. In re Franks, 297 Mich. 353, 297 N.W. 521; In re Brazel, 293 Mich. 632, 292 N.W. 664; In re Palm, 255 Mich. 632, 238 N. W. 732. Certiorari to review the Michigan Supreme Court's denial of habeas corpus was denied by the U. S. Supreme Court on May 31, 1960. Coakley v. Michigan, 363 U.S. 805, 80 S.Ct. 1240, 4 L. Ed.2d 1148.

4. On December 18, 1959, petitioner filed an application for writ of habeas corpus in the United States District Court at Detroit. The application was denied by District Judge Ralph M. Freeman on December 29, 1959. On June 22, 1960, District Judge Freeman denied petitioner's application for a rehearing of the December 29, 1959, denial of his application, and on July 20, 1960, denied petitioner's application for a certificate of probable cause to implement an appeal.

5. On August 29, 1960, this court entered an order denying petitioner's application to this court for a certificate of probable cause to implement his appeal from Judge Freeman's order of December 29, 1959. We concurred in the reasons assigned by Judge Freeman in his denial of such certificate.

6. Coakley's next legal maneuver was a petition for declaratory judgment, filed in the Supreme Court of Michigan. It was denied on February 28, 1961, and, in our opinion, with legal propriety. Updegraff v. Attorney General, 298 Mich. 48, 52, 298 N.W. 400, 135 A.L.R. 931.

7. On March 13, 1961, petitioner returned to the United States Courts with a new petition for writ of habeas corpus. This petition, like its predecessors, contained vague conclusional allegations that undefined federal constitutional rights had been denied him. The case of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, intrigues him and he asserts that such decision warrants his new entry into the United States Courts. We cannot agree. The Michigan Attorney General moved to dismiss petitioner's new application for habeas corpus. Petitioner met this motion with a petition addressed to Chief Judge Levin for a writ of mandamus seeking, inter alia, that he be brought into court to person-

ally oppose the Attorney General. On May 4, 1961, Chief District Judge Levin filed a memorandum and order denying the petition for writ of habeas corpus and dismissing the action. Judge Levin's memorandum again recites that petitioner has never employed the appellate procedures available to him in the state courts of Michigan; that the district court was therefore without jurisdiction to entertain Coakley's petition, 28 U.S.C.A. 2254; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. Judge Levin's memorandum further recites that the allegations of Coakley's petition expose no violation of his federally granted constitutional rights. We agree.

8. On May 26, 1961, petitioner filed in this court a pleading denominated Petition for Writ of Mandamus, again without allegation of any fact which, if true, would demonstrate that somewhere along the line petitioner has been unconstitutionally dealt with. He asks that we direct the District Court to hear his cause, "in the manner set forth in Monroe vs Pape, No 39, October Term, 1960." He asks that we set aside Judge Levin's order of dismissal.

■ If petitioner's instant application seeks a writ of mandamus to have Judge Levin hear and determine Coakley's latest application for habeas corpus, we can only say that the District Judge has already done so. If the petition is an attempt to review Judge Levin's order, it cannot be employed as a substitute for appeal. Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041.

If to assist petitioner to appear in pro. per., we construe the papers before us as an application for a certificate of probable cause to implement an attempted appeal, we find no probable cause. The above mentioned opinions and orders of Judges Levin and Freeman adequately discuss and dispose of petitioner's contentions.

Petition for mandamus is denied.