Edward ROSS, Petitioner,

v.

George A. KROPP, Warden of the State Prison of Southern Michigan, Respondent.

Civ. A. No. 24207.

United States District Court
E. D. Michigan, S. D.

Sept. 17, 1963.

Edward Ross, in pro. per.

Frank J. Kelley, Atty. Gen. of Michigan, by Robert C. Weinbaum, Asst. Atty. Gen., for the State of Michigan.

McCREE, District Judge.

Edward Ross, an inmate of the State Prison of Southern Michigan, has petitioned this court for a writ of habeas corpus.

Petitioner was, on November 27, 1962, sentenced to the State Prison of Southern Michigan for a term of one and one-half years to four and one-half years for the offense of Escaping Prison, charged as a second felony. Mich.Comp.Laws 1943 § 28.390 as amended, Comp.Laws 1948, § 750.193.

Petitioner alleges several violations of his constitutional rights in connection with the above mentioned trial and conviction. Among other grounds, petitioner asserts that his waivers of jury trial and counsel and his plea of guilty were not made freely and voluntarily, but were the result of fear, coercion and deception in violation of rights guaranteed by the due process clause of the fourteenth amendment.

On August 26, 1963 this court issued an Order to Show Cause Why a Writ of Habeas Corpus Should Not Issue. On September 13, 1963, the Attorney General of the State of Michigan in an Amended Return to the Order to Show Cause moved to dismiss Ross' petition for writ of habeas corpus for the reason that petitioner had failed properly to exhaust his state court remedies. Specifically, the Attorney General alleges that petitioner has not filed a delayed motion for a new trial with respect to the September 27, 1962 conviction and sentence. Attached to respondent's return is the Affidavit of one Darlene Stimer, Deputy Clerk for the County of Jackson, which affidavit asserts that a search of the record files of the Circuit Court for the County of Jackson fails to disclose

that petitioner ever filed a delayed motion for a new trial.

Petitioner alleges that he previously filed a petition for a writ of habeas corpus with the Circuit Court for the County of Jackson and that said petition was denied on March 27, 1963. Petitioner also alleges that on July 17, 1963 the Supreme Court of the State of Michigan entered an order denying, without opinion, Ross' petition for a writ of habeas corpus.

Section 2254 of Title 28 United States Code provides that an application for writ of habeas corpus shall not be granted:

"* * * unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

In Coakley v. United States District Court, 291 F.2d 927 (6th Cir., 1961), the petitioner had attempted essentially the same procedure as petitioner Ross. There, the court said at 291 F.2d p. 928, "Under Michigan law, habeas corpus may not be employed as a substitute for appeal. In re Franks, 297 Mich. 353, 297 N.W. 521; In re Brazel, 293 Mich. 632, 292 N.W. 664; In re Palm, 255 Mich. 632, 238 N.W. 732."

As the case of Walen v. Frisbie, 185 F.2d 607 (6th Cir., 1950), cert. denied, 341 U.S. 911, 71 S.Ct. 619, 95 L. Ed. 1348 (1951), points out, a proper remedy would consist of a delayed motion for a new trial in the circuit court, followed by an application for leave to appeal with the state supreme court (under Michigan Court Rule 60) if the motion should be denied.

For the foregoing reasons, I find that the petition herein is premature and therefore this court has no jurisdiction to grant it.

It is ordered that the petition for writ of habeas corpus be, and the same is hereby, denied and the action dismissed.