**Leonard Overton BOWLING and William Harrison Allen, Petitioners,**

**v.**

**A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 72–C–11–D.**

United States District Court,
W. D. Virginia,
Danville Division.

July 11, 1972.

J. L. Williams, Danville, Va., for petitioners.

Burnett Miller, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, Chief Judge.

On June 8, 1971, the petitioners were convicted of statutory burglary of the United States Post Office in Danville by the Corporation Court of the City of Danville. The building is owned privately and leased to the United States. They were sentenced to serve twenty years' confinement in the Virginia State Penitentiary. They appealed their conviction to the Supreme Court of Virginia, which, on January 17, 1972, rejected their petition for a writ of error and supersedeas.

On February 8, 1972, the petitioners filed a petition for a writ of habeas corpus in this court. Their sole claim is that the trial court lacked jurisdiction to try them because 18 U.S.C. § 3231 preempts and supersedes state court jurisdiction.

18 U.S.C. § 3231, dealing with the jurisdiction of the United States District Courts, provides:

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

18 U.S.C. § 2115 provides:

"Whoever forcibly breaks into or attempts to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building or part thereof, so used, any larceny or other depredation, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

Virginia Code § 18.1–89 deals with statutory burglary, and provides:

"If any person do any of the acts mentioned in § 18.1–88, with intent to commit larceny, or any felony other than murder, rape or robbery, he shall be deemed guilty of statutory burgla-ry and shall be confined in the penitentiary not less than one year nor more than twenty years or, in the discretion of the jury or the court trying the case without a jury, confined in jail not exceeding twelve months or fine not exceeding one thousand dollars, either or both; provided, however, that if such a person used a dangerous weapon in the commission of the offense herein described, he shall be punished by confinement in the penitentiary for a term of not less than one or more than thirty years, or by confinement in jail for not more than twelve months or by fine of not more than one thousand dollars, either or both in the discretion of the court or jury trying the same."

Virginia Code § 18.1–88 provides:

"If any person in the nighttime enter without breaking or in the daytime break and enter a dwelling house or an outhouse adjoining thereto and occupied therewith or in the nighttime enter without breaking or break and enter either in the daytime or nighttime any office, shop, storehouse, warehouse, banking house, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck, or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape or robbery, he shall be deemed guilty of statutory burglary and shall be confined in the penitentiary not less than one nor more than twenty years; provided, however, that if such a person used a dangerous weapon in the commission of the offense herein described, he shall be confined in the penitentiary not less than one nor more than thirty years."

The court considers petitioners' claim to be without merit.

There have been numerous state court decisions which have upheld jurisdiction of the state courts in cases very nearly on all fours with the case now under consideration.

In People v. Burke, 161 Mich. 397, 126 N.W. 446 (1910), when the post office building was "rented, leased, used, and occupied by the United States government," the court determined that the federal courts did not have exclusive jurisdiction to prosecute defendants charged with breaking and entering the building. The court stated that where the offense was for breaking and entering, as far as state prosecution was concerned, whether the building was a post office or other office was of no significance. The court construed the applicable federal statutes as not creating exclusive federal jurisdiction in such cases.

In People v. Van Dyke, 276 Mich. 32, 267 N.W. 778 (1936), cert. den. 299 U.S. 608, 57 S.Ct. 236, 81 L.Ed. 448, reh. den., 299 U.S. 624, 57 S.Ct. 319, 81 L.Ed. 459, the defendant sought an overruling of *Burke*. The post office in this case was rented to the postmaster. Defendant had been convicted of entering a post office and using a high explosive for the purpose of committing the crime of larceny. The court considered the question of whether the state authorities had jurisdiction in view of Van Dyke's claims that the United States had exclusive jurisdiction over the crime and determined the question adversely to petitioner. The court commented that the government did not own the premises and jurisdiction had not been ceded to the United States, and that the government does not lease quarters for a fourth class post office such as the one in question there. The court also noted that there was no federal crime similar to the one the defendant had been convicted of which may slightly distinguish the case from the one at bar.

The court also pointed out in *Van Dyke* that 18 U.S.C. § 547 provides "Nothing in sections 1 to 553, 567, 568 and 571 of this title [Crimes] shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." Reviser's Notes to 18 U.S.C. § 3231 reflect that the second paragraph of that section was based upon the 1940 edition of 18 U.S.C. § 547. However, in *Quinn*, infra, the court pointed out that the United States Supreme Court has declared: "The office of the second sentence (i. e. of 18 U.S.C. § 3231) is merely to limit the effect of the jurisdictional grant of the first sentence. There was no intention to resolve particular supersession questions by the Section." Quoting from Pennsylvania v. Nelson, 350 U.S. 497, 501, 76 S.Ct. 477, 480, 100 L.Ed. 640 (1956).

In Quinn v. State, 39 Ala.App. 107, 95 So.2d 273 (1957), the defendant was convicted in the state courts of burglary of a post office. The Alabama court held that the state courts were not precluded from prosecuting the defendant where the site of the post office had not been ceded to the United States. The opinion noted that the United States Supreme Court has never held that a state may not punish for burglary of a post office.

The federal courts that have had an opportunity to consider the subject have decided against preemption of state authority where the laws of both the state and the United States have been violated.

In Farley v. United States, 381 F.2d 357 (5th Cir. 1967), cert. den. 389 U.S. 942, 88 S.Ct. 303, 19 L.Ed.2d 295 (1967), the court held that where the defendant had been arrested by state officials on a state burglary charge of a branch of the main post office, and ultimately convicted of violation of 18 U.S.C. § 2115 in a United States District Court, § 2115 does not preempt the field so as to prevent a valid arrest by state officers for burglary.

In Cross v. North Carolina, 132 U.S. 131, 10 S.Ct. 47, 33 L.Ed. 287 (1889), the United States Supreme Court held, where the defendants' contention was that the offense of which they were convicted was cognizable only in the courts of the United States, that the same act or series of acts may constitute an offense equally against the United States and the state, subjecting the guilty party to punishment under the laws of each

government. The defendants in *Cross* had violated a North Carolina Code provision dealing with bonds, writings obligatory, bills of exchange, promissory notes, etc. They contended that the state court was without jurisdiction because their actions were done to deceive an agent of the United States (the bank examiner). This contention was rejected by the court.

In United States ex rel. Holly v. Commonwealth of Pennsylvania, 81 F.Supp. 861 (W.D.Penn., 1948), aff. 174 F.2d 480, the petitioner there complained that he should have been tried in a United States Court rather than a state court. The court held that although the petitioner could have been prosecuted under the federal law for a Dyer Act violation, this does not bar the state from prosecuting an offender where he has violated a state law of bringing stolen property into the state.

In Pennsylvania v. Nelson, 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640 (1956), the United States Supreme Court, while holding that federal sedition laws prevent a State's prosecution under state law for sedition against the United States, stated that the state's right to enforce such laws was not affected where the federal government has not occupied the field and "is not protecting the entire country from seditious conduct," and also "Nor does it prevent the State from prosecuting where the same act constitutes both a federal offense and a state offense under the police power . . ." 350 U.S. at p. 500, 76 S.Ct. at p. 479. The conclusion from this case is obvious: the acts for which the petitioners here were convicted were violations of both Virginia and federal law. Virginia has prosecuted for violating her law, and has obtained a conviction. Therefore, there can be no relief afforded petitioners because they also violated a federal law for which the record does not indicate prosecution has been initiated by the United States.

The record which is before this court discloses no Constitutional error which would warrant granting the relief which the petitioners seek. Certainly, they cannot be released because they were prosecuted under state law, even though the federal government also was entitled to prosecution. It is entirely within the discretion of the United States whether or not to prosecute, and the fact petitioners have been convicted under state law is not a basis for granting the relief sought. The holdings in *Burke, Van Dyke,* and *Farley* are most persuasive and are adopted by this court. It is the opinion of the court, on the facts of this case, that prosecution for burglarizing post offices has not been preempted by the United States. See *Nelson,* supra.

The state records which are before this court disclose all the pertinent factual matters necessary for the determination of the petitioners' contentions. No further hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

An order is this date entered consistent with this opinion.