## WILSON v SECRETARY OF STATE

Docket No. 90488. Submitted July 22, 1987, at Lansing. Decided August 18, 1987.

Nathan H. Wilson, whose driver's license was suspended for one year by the Secretary of State for his refusal to submit to a Breathalyzer test, petitioned for and obtained from the Kalamazoo Circuit Court, Richard Ryan Lamb, J., an order instructing the Secretary of State to issue a restricted license allowing him to drive in the course of his employment. The Secretary of State appealed.

The Court of Appeals *held:*

MCL 257.323c(2); MSA 9.2023(3)(2), which prohibits the issuance of a restricted license to a person whose license has been suspended twice for refusing to submit to a Breathalyzer test within the immediately preceding seven-year period, prohibits a circuit court from ordering the issuance of a restricted license even when the first of two suspensions precedes March 30, 1983, the effective date of the statute.

Reversed.

AUTOMOBILES — DRIVER'S LICENSE SUSPENSION — BLOOD-ALCOHOL
    TESTS — RESTRICTED LICENSES.

A circuit court, under a statute which became effective on March 30, 1983, and provides that a restricted license may not be issued to a person whose license has been suspended twice within seven years for his refusal to submit to a chemical test to determine the amount of alcohol in his blood following arrests for operation of a motor vehicle while intoxicated, may not order the Secretary of State to issue a restricted license to such person even when the first suspension precedes March 30, 1983 (MCL 257.323c[2]; MSA 9.2023[3][2]).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 112 *et seq.*; 122 *et seq.*; 310.

Suspension or revocation of driver's license for refusal to take sobreity test. 88 ALR2d 1064.

*Caruso,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for the Secretary of State.

Before: DANHOF, C.J., and McDONALD and E. M. THOMAS,* JJ.

PER CURIAM. Petitioner's driver's license was suspended for one year by the Secretary of State due to petitioner's refusal to take a Breathalyzer test. Petitioner sought review in the circuit court, requesting an order granting him a restricted license pursuant to MCL 257.323c(1); MSA 9.2023(3)(1), that would allow him to drive in the course of his employment for the duration of the suspension. Respondent appeals from the circuit court order granting the petition.

Pursuant to MCL 257.625f(4); MSA 9.2325(6)(4), the suspension of a driver's license is statutorily authorized for the driver's refusal to submit to a chemical analysis test to determine the amount of alcohol in his blood. The duration of the suspension is six months unless the driver has at a prior time refused to submit to such testing during the past seven years, in which case the duration is enhanced to one year. *Id.* The lower court record shows that petitioner had a previous suspension in 1979 as a result of his refusal to submit to testing.

Respondent argues that the circuit court lacked statutory authority to order that petitioner be issued a restricted license. MCL 257.323c(2); MSA 9.2023(3)(2) prohibits the issuance of a restricted license in some circumstances:

If the person's license has been suspended pursuant to section 625f [MCL 257.625f(4); MSA

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

9.2325(6)(4)] within the immediately preceding 7-year period, a restricted license shall not be issued.

The circuit court declined to apply this statute because it concluded that to do so would impermissibly accord the statute a retroactive effect. MCL 257.323c(2); MSA 9.2023(3)(2) became effective March 30, 1983. Petitioner's first suspension occurred prior to the effective date; hence, the court reasoned, petitioner could not be accorded two refusals for purposes of the statute.

We are unaware of any Michigan authority reaching this question. However, we find helpful by way of analogy *People v Miller,* 357 Mich 400, 409-410; 98 NW2d 524 (1959). There, the Court rejected the retroactivity argument of the defendant, whose sentence was enhanced due to his criminal conviction as a second offender of the drunken driving statute.[1] The defendant's first offense was committed prior to the effective date of the statutory provision for sentence enhancement. The Court held:

> But appellant urges, also that the amendment above set forth is being given a "retroactive" effect unintended by the legislature if convictions occurring prior to the passage of the amendment are considered in applying the penalties of the act. . . . Heavier penalties *for a second offense are well* known to the law. They are in no manner *ex post facto,* nor do such amendments as we have before use [sic] have a retroactive effect. It is the subsequent offense that is punished more harshly, not the first. [*Id.,* 410. Citations omitted.]

See also *People v Mellor,* 302 Mich 537, 540; 5 NW2d 455 (1942) ("The former conviction was

---

[1] For the present form of the second-offense provision, see MCL 257.625(5); MSA 9.2325(5).

merely an additional fact or circumstance to be considered in imposing a severer penalty for the second conviction").

We also refer by way of analogy to the general habitual offender statutes, MCL 769.10 *et seq.*; MSA 28.1082 *et seq.* We note that the Supreme Court has rejected the argument that a defendant may not be convicted as an habitual offender when the prior convictions precede the effective date of the habitual offender statute. *People v Palm,* 245 Mich 396, 400-403; 223 NW 67 (1929); *In re Brazel,* 293 Mich 632, 637-638; 292 NW 664 (1940).

The proceedings to determine whether a driver's license should be suspended are administrative in nature. Consequently, the due process protections afforded in a criminal trial do not attach to those proceedings with the same degree of stringency. *Wolney v Secretary of State,* 77 Mich App 61, 69; 257 NW2d 754 (1977), lv den 402 Mich 877 (1978). In view of the weight of authority holding that it is proper to enhance sentences in criminal cases based on prior convictions preceding the effective date of the enhancement statutes, which we find most persuasive, a different result in the instant administrative proceeding would be most anomalous. We hold that the penalty enhancement provision of MCL 257.323c(2); MSA 9.2023(3)(2) prohibits the circuit court from ordering the issuance of a restricted license even when the first of two suspensions occurring within a seven-year period precedes March 30, 1983.[2]

Accordingly, the circuit court order for restoration of a restricted license was in error.

Reversed.

---

[2] We conclude that the saving clause enacted with the penalty enhancement provision does not require a different result. 1982 PA 310, § 2. The penalty enhancement provision attaches to the subsequent offense, not to the first. *Miller, supra,* 410.