1. Divorce—Nonpayment of Alimony—Contempt—Commitment.

    Divorced husband who was found guilty of contempt for nonpayment of alimony and committed to prison for six months but ordered released upon payment of $50 *held*, to have been conditionally committed under legal civil process where it conclusively appears from petition for *habeas corpus*, as well as returns made by defendants to such writ and ancillary certiorari, that he had a hearing in open court and was there represented by counsel.

2. Habeas Corpus—Persons Entitled to Prosecute Writ—Statutes.

    Statute declaring that ''persons convicted, or in execution, upon legal process, civil or criminal'' shall not be entitled to prosecute writ of *habeas corpus* restricts prosecution of the writ in behalf of a person so convicted or so committed as well as prosecution of the writ by the person himself (3 Comp. Laws 1929, § 15207).

3. Same—Petition in Behalf of Committed Person.

    A petitioner who institutes a *habeas corpus* proceeding in behalf of a committed person, in a legal sense, stands in privity with the one committed and is likewise bound by statutory provisions relative to issuance of the writ (3 Comp. Laws 1929, § 15207).

4. Same—Questions Reviewable—Divorce—Contempt.

    Reconsideration of merits of divorce case may not be had upon *habeas corpus* proceeding brought in behalf of husband who was found guilty of contempt for nonpayment of alimony and conditionally committed, as decree in divorce case, not appealed from, is final.

5. Divorce—Support of Children—Public Policy.

    Public policy requires that a father should support the children of his first marriage and obey the order of the court requiring him to do so even though such children be nonresidents of this

State and failure to do so result in his commitment for contempt and leave children of his second marriage a charge upon the public.

6. HABEAS CORPUS—PARTIES.

Fact that children of divorced father's second marriage were not parties to proceeding wherein he was found guilty of contempt for nonpayment of alimony does not entitle them to be heard in *habeas corpus* proceeding brought for them by their next friend in his behalf.

7. SAME—QUESTIONS REVIEWABLE—CONTEMPT FOR NONPAYMENT OF ALIMONY.

Question of ability of divorced father to comply with order for payment of alimony may not be reviewed in *habeas corpus* proceeding brought on his behalf to obtain his release from commitment for contempt for nonpayment of alimony.

8. SAME—QUESTIONS REVIEWABLE—COMMITMENT FOR CONTEMPT—JURISDICTION.

Commitment for nonpayment of alimony cannot be reviewed by *habeas corpus* where circuit court which ordered commitment had jurisdiction of the subject-matter and of the person of the divorced father and no reason is disclosed for vacating order for his commitment which is regular on its face as he was legally committed in a civil proceeding (3 Comp. Laws 1929, § 12779, as amended by Act No. 232, Pub. Acts 1931).

*Habeas corpus* by George Lupu, Junior, Mary Lupu, Trian Lupu and Florence Lupu, by their next friend, to inquire into detention of George Lupu by the superintendent of Detroit House of Correction. Petition for ancillary certiorari to Wayne circuit court. Submitted July 28, 1938. (Calendar No. 40,193.) Writ dismissed September 7, 1938.

*Royal D. Rood,* for petitioners.

*Edward Pokorny,* Friend of the Court, *in pro. per.*

NORTH, J. This is a *habeas corpus* proceeding. After a hearing in the circuit court of Wayne county,

George Lupu, having been found guilty of contempt for nonpayment of alimony, was committed to the Detroit House of Correction for six months, but the court ordered his release upon payment of $50. Subsequent to being divorced by his former wife, who was given custody of their only child then two years of age, Lupu remarried. There are four minor children born of this second marriage. The rather novel aspect of this case is that these four minor children, acting through Genevieve McGilton, who represents herself as their next friend, are the petitioners in the *habeas corpus* seeking Lupu's release on the ground that he is unlawfully restrained of his liberty and thereby "detained from his proper custody and responsibility in the service and support of said minor children."

In compliance with the mandate of the statute (3 Comp. Laws 1929, § 15210 [Stat. Ann. § 27.2254]), the petitioner has alleged:

"That the said George Lupu is not committed or detained by virtue of any process, judgment, decree, or execution specified in 3 Comp. Laws 1929, § 15207 (Stat. Ann. § 27.2251)."

Unless the foregoing allegation is true, the petition must be dismissed under the statute which provides:

"The following persons shall not be entitled to prosecute such writ: * * *

"3. Persons convicted, or in execution, upon legal process, civil or criminal;

"4. Persons committed on original process in any civil action on which they were liable to be arrested and imprisoned, unless when excessive and unreasonable bail is required." 3 Comp. Laws 1929, § 15207.

From the petition itself, as well as the returns made by the several defendants, it conclusively appears that George Lupu, after hearing in open court where he was represented by counsel, is conditionally committed under legal civil process.

We are not in accord with petitioner's contention that neither she nor the minors, whom she represents, are barred from prosecuting the writ of *habeas corpus,* because neither she nor they are either "persons convicted" or "persons committed," as literally provided in the quoted statute. Clearly the statute restricts prosecution of the writ in behalf of a person so convicted or so committed, as well as prosecution of the writ by the person himself. As soon as a petitioner institutes the proceeding in behalf of the committed person, such petitioner, in a legal sense, stands in privity with the one committed and is likewise bound by the statutory provisions. Indeed the statute provides that the petition for the writ "shall be signed either by the party for whose relief it is intended or by some person in his behalf." 3 Comp. Laws 1929, § 15208 (Stat. Ann. § 27.2252). It follows that this *habeas corpus* proceeding must be dismissed under the quoted statutory provision.

Petitioner has attempted to inject into this proceeding a reconsideration of the merits of the divorce case. It is too plain for argument that this is not permissible. *In re Palm,* 255 Mich. 632. Lupu had his day in court when the divorce case was heard and decided. No appeal having been perfected, the decree there entered is final. We are not impressed with petitioner's contention that as a matter of public policy this man should be released so that he may support the minor children of his second marriage instead of leaving them a charge upon the public.

To say the least, it is quite as much a matter of good public policy that he should be required to respect rather than defy the order of the court; and likewise public policy is quite as much concerned that a father should support the children of his first marriage as that he should support those of a second marriage; and this is true even though the former may be nonresidents of this State.

There is no merit to petitioner's contention that the minors whom she represents should be heard in this *habeas corpus* proceeding because their interests were affected and they were not parties to the contempt proceedings. They were not proper parties thereto. Nor can Lupu's ability to comply with the order for payment of alimony be reviewed by *habeas corpus. In re Joseph,* 206 Mich. 659. The order and judgment of the circuit court entered in the contempt proceedings recites:

"It appearing to the court that the respondent herein was duly served with an order to show cause and did appear in this court on this day to answer to the charge of contempt of court for nonpayment of permanent allowance for child, and the said respondent being examined, inquiring into his alleged contempt, and it further appearing to the court that the said respondent, *being of sufficient ability,* has failed and refused to obey the decree of this court and has failed to purge himself of the contempt charge in said petition filed in this cause."

Thereupon Lupu, as hereinbefore stated, was conditionally committed for contempt of court. The circuit court had jurisdiction of the subject-matter and of the person of George Lupu. He was legally committed in a civil proceeding. 3 Comp. Laws 1929, § 12779, as amended by Act No. 232, Pub. Acts 1931

(Stat. Ann. § 25.161; Comp. Laws Supp. 1935, § 12779). No reason is now disclosed for vacating the order for his commitment, which is regular on its face. In such a case the commitment cannot be reviewed by *habeas corpus. In re Bissell,* 40 Mich. 63.

Other contentions of petitioner are without merit. Neither they nor respondents' contention that petitioner is without authority to prosecute this proceeding need be discussed.

The relief sought is denied and the writ is dismissed.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.