## *In re* OFFILL.

1. HABEAS CORPUS—RETURN TO ANCILLARY WRIT OF CERTIORARI CONCLUSIVE—AFFIDAVITS.

In *habeas corpus* proceedings to inquire into detention of petitioner in the State prison, the return of the circuit judge to the ancillary writ of certiorari, showing he made an investigation before sentence and was satisfied that the plea of guilty was free and voluntary, is conclusive and may not be traversed, hence purported copies of commitment papers and various affidavits are disregarded.

2. SAME—WRIT OF ERROR.

A writ of *habeas corpus* cannot be made to perform the functions of a writ of error.

3. SAME—ANCILLARY CERTIORARI—SCOPE OF WRIT.

On *habeas corpus* the Supreme Court deals only with radical defects rendering a proceeding or judgment absolutely void, the writ of certiorari being ancillary and used to supply material for intelligent decision of such alleged radical defects.

4. SAME—FRAUD—DURESS—SCOPE OF WRIT.

The claim that petitioner's plea of guilty to crime of assault charged was obtained through deception or duress cannot be

inquired into in a *habeas corpus* proceeding as such proceeding has to do only with the legality of the detention.

*Habeas corpus* proceeding by Claud Offill with accompanying certiorari to Kelly S. Searl, Gratiot Circuit Judge, to obtain release from the State Prison of Southern Michigan. Submitted April 17, 1940. (Calendar No. 41,003.) Writs dismissed June 3, 1940.

*Claud Offill,* in *pro per.*

*Thomas Read,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for the people.

Bushnell, C. J. A writ of *habeas corpus* with an ancillary writ of certiorari was issued to inquire into the detention of petitioner in the State Prison of Southern Michigan. The petitioner claims that on September 14, 1929, upon his plea of guilty, he was convicted of an assault with intent to do great bodily harm less than the crime of murder, which offense is punishable by imprisonment for not more than 10 years (3 Comp. Laws 1929, § 16746), and that the trial court unlawfully sentenced him to serve a term of not less than 10 years or more than 20, with the recommendation that he serve 10 years. He charges that the warrant of commitment was altered so that it shows he was convicted of and committed for the offense of assault with intent to commit murder, which offense is punishable by imprisonment for life, or any number of years. (3 Comp. Laws 1929, § 16721.) Petitioner also charges his plea of guilty to the lesser offense was obtained through the coercion of the prosecuting attorney and the sheriff of Gratiot county; and that since the sentence imposed on him is excessive and illegal and the warrant of commit-

ment a forgery, he has already served more than his legally allotted time.

Attached to petitioner's application for the writ are purported copies of the commitment papers and various affidavits. The matter must be decided upon the return of the circuit judge to the ancillary writ of certiorari. That return is conclusive and may not be traversed. *McGurrin* v. *Grand Rapids Township Board,* 186 Mich. 475.

The return shows that a complaint was made before a justice of the peace of the township of Ithaca on September 10, 1929, charging petitioner with an assault upon Henry R. Helman with intent to commit the crime of murder, and with an assault upon the same person with intent to do great bodily harm less than the crime of murder. A warrant containing both charges was issued by the justice. Petitioner waived examination and, not having offered sufficient bail, was held for trial. An information containing both charges was filed in the circuit court. Petitioner was arraigned on September 14th, the information was read, and he pleaded guilty on both counts.

The return contains a transcript of the testimony taken before the circuit judge, from which it appears that petitioner was without an attorney and was advised by the court as to his rights with respect to the two charges against him. The court said:

"You understand if you plead guilty to both I can send you for a long time. You have the right to plead guilty to the lesser one, or to both; but I want you to understand what you are doing. Do you understand what I mean?

"*Claud Offill:* I guess so.

"*The Court:* Do you want to plead guilty to both or the lesser, smaller one?

"*Claud Offill:* Both.

*"The Court:* All right, you may sit down."

A recess was then taken, after which petitioner was brought before the court and sentenced. The transcript shows that the court made an investigation before sentence and satisfied itself that petitioner's plea was free and voluntary.

A writ of *habeas corpus* cannot be made to perform the functions of a writ of error. *In re Long,* 266 Mich. 369; *Long* v. *Michigan,* 292 U. S. 647 (54 Sup. Ct. 861), 293 U. S. 629 (55 Sup. Ct. 67).

The court said in *Re Gardner,* 260 Mich. 122:

"It is recognized that the judgment, not having been reviewed on error (3 Comp. Laws 1929, §§ 17357, 17358), petitioner may not present questions so reviewable. On *habeas corpus* we deal 'only with radical defects rendering a proceeding or judgment absolutely void.' *In re Palm,* 255 Mich. 632. The writ of certiorari is ancillary, merely, and used to supply material for intelligent decision of such alleged 'radical defects.' "

The claim that a plea of guilty was obtained through deception or duress cannot be inquired into in a *habeas corpus* proceeding as such proceeding has to do only with the legality of the detention. *In re Van Dyke,* 276 Mich. 32; *Van Dyke* v. *Michigan,* 299 U. S. 608 (57 Sup. Ct. 236), 299 U. S. 624 (57 Sup. Ct. 319).

We have examined the papers filed by petitioner and those presented as his brief and find no other questions requiring discussion.

The writs are dismissed.

SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.