*In re* STONE.

1. HABEAS CORPUS—CONFINEMENT UNDER LEGAL CRIMINAL PROCESS.
If petitioner for writ of habeas corpus and ancillary writ of certiorari is confined under legal criminal process his writs must be dismissed (3 Comp. Laws 1929, §§ 15207, 15210).

2. SAME—WRIT DOES NOT FUNCTION AS WRIT OF ERROR.
The writ of habeas corpus cannot function as a writ of error and deals only with radical defects rendering a proceeding or judgment absolutely void.

3. SAME—RECORD—VERIFICATION OF INFORMATION.
Record as certified, showing that supplemental information charging petitioner with six previous convictions was verified, is conclusive upon Supreme Court in habeas corpus proceeding in which petitioner claimed such information had not been verified (3 Comp. Laws 1929, §§ 17254, 17341).

4. SAME—HABITUAL CRIMINAL LAW—SUFFICIENCY OF INFORMATION.
Failure of supplemental information to charge with particular certainty the name of the court, its location, or time when three of six previous convictions were had was not such an insufficiency as rendered information assailable, in habeas corpus proceedings, because of lack of jurisdiction of the court which tried petitioner as a fourth offender under the habitual criminal law (3 Comp. Laws 1929, §§ 17270, 17290, 17340).

5. SAME—INFORMATION UNDER HABITUAL CRIMINAL LAW—CURING INSUFFICIENCY.
No advantage could be taken in habeas corpus proceeding of failure of supplemental information, charging petitioner as a fourth offender under the habitual criminal law, to state with particular certainty the name of the court and its location in at least three of the six previous convictions charged where such incompleteness as to form was cured by the proofs and verdict and there were three remaining convictions as well as the principal offense of grand larceny

to support finding of his being a fourth offender (3 Comp. Laws 1929, §§ 17270, 17290, 17340).

6. SAME—HABITUAL CRIMINAL LAW—QUESTIONS REVIEWABLE—METHOD OF PROOF.

Objections to method of proving prior convictions of one charged as a fourth offender under the habitual criminal law by introduction of certified copies of judgments of conviction and an expert's comparison of his fingerprints with certified copies furnished by various prisons in which petitioner was alleged to have been an inmate may not be urged in habeas corpus proceeding after his conviction as a fourth offender (3 Comp. Laws 1929, § 17340).

7. SAME—PROCEDURAL MATTERS IN COMMITTING COURT—JURISDICTION.

Objections to methods of proof or introduction of evidence are to be raised on writ of error and not by habeas corpus since they relate only to matters of procedure and not to jurisdiction of the committing court.

8. SAME—QUESTIONS OF EVIDENCE.

Habeas corpus is not available to test questions of evidence.

9. SAME—CRIMINAL LAW—COURTS—JURISDICTION.

Habeas corpus is not a remedy available to one convicted of a crime and committed by a court that has acquired jurisdiction and has not abused its power.

10. CRIMINAL LAW—HABITUAL CRIMINAL LAW—PROOF OF PRIOR CONVICTIONS—COMPARISON OF FINGERPRINTS—AUTHENTICATION.

Manner of authentication of documents by which proof of judgments of prior convictions of one charged as a fourth offender was made and comparison by an expert of defendant's fingerprints with certified copies of fingerprints furnished by various prisons of which he is alleged to have been an inmate is not commended in habeas corpus proceeding (3 Comp. Laws 1929, §§ 14173, 14193, 17340).

Habeas corpus proceedings with accompanying certiorari to the Bay circuit judge to inquire into the detention of Robert Stone by the warden of the Marquette branch of the Michigan State prison. Submitted August 14, 1940. (Calendar No. 40,871.) Writs dismissed October 7, 1940.

*Robert Stone, in pro. per.*

*Thomas Read,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for the people.

Butzel, J. We issued a writ of habeas corpus and an ancillary writ of certiorari on the personal petition of the prisoner to inquire into the cause of his detention. In compliance with the statute (3 Comp. Laws 1929, § 15210 [Stat. Ann. § 27.2254]), petitioner alleged that he is not "convicted, or in execution, upon legal process, civil or criminal" (3 Comp. Laws 1929, § 15207 [Stat. Ann. § 27.2251]), and that therefore he is entitled to prosecute the writ of habeas corpus. If we find that petitioner is confined under legal criminal process, the proceeding must be dismissed. *In re Lupu,* 285 Mich. 500; *In re Bissell,* 40 Mich. 63.

Petitioner was convicted of grand larceny on May 27, 1935. The prosecuting attorney then filed a supplemental information charging six previous convictions, and after proofs were submitted to the jury, petitioner herein was convicted and sentenced to life imprisonment as a fourth offender. * Recognizing that the writ of habeas corpus cannot function as a writ of error (*In re Offill,* 293 Mich. 416; *In re Brazel,* 293 Mich. 632), and that the writ "deals only with radical defects rendering a proceeding or judgment absolutely void" (Wiest, J., in *Re Palm,* 255 Mich. 632), petitioner challenges the proceeding on supplemental information in several respects.

The supplemental information is charged to be fatally defective as to form and substance. It is said that the information was not sworn to by the prosecuting attorney as required by law. We need not determine whether an oath is jurisdictional or even

---

* See 3 Comp. Laws 1929, § 17340 (Stat. Ann. § 28.1084).—Re-PORTER.

required (see 3 Comp. Laws 1929, § 17254 [Stat. Ann. § 28.980]; 3 Comp. Laws 1929, § 17341 [Stat. Ann. § 28.1085]), for while the copy of the information supplied to us by the petitioner has no verification, the original information certified by the trial court contains on the back thereof a verification. The record as certified is conclusive as to us. *Huff* v. *Cole's Estate,* 127 Mich. 351.

Petitioner urges that the information is fatally defective in that it fails to set forth properly the essential allegations to constitute him a fourth offender. It is said that three of the offenses charged display their invalidity as elements, and that the allegations of the three other prior offenses are defective in not naming the court where such convictions were had, the time, et cetera. 3 Comp. Laws 1929, § 17270 (Stat. Ann. § 28.996), provides:

"Whenever it is necessary to allege a prior conviction of the accused in an indictment, it is sufficient to allege that the accused was at a certain stated time, in a certain stated court, convicted of a certain stated offense, giving the name of the offense, if it have one, or stating the substantial elements thereof."

It is true that the information was inartfully drawn and failed to state with particular certainty the name of the court and its location in each allegation of prior conviction. While this should have been corrected if timely objection were made, these insufficiencies are not so vital as to be destructive of the jurisdiction of the court. Certainly the information may not be assailed on this ground in a habeas corpus proceeding. Section 17290, 3 Comp. Laws 1929 (Stat. Ann. § 28.1016), provides:

"No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any mo-

tion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit. The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury.''

See, also, *People* v. *Matteson,* 280 Mich. 218; *People* v. *Hopper,* 274 Mich. 418; *In re Krusiewicz,* 263 Mich. 74. Any incompleteness as to the form of allegations was cured by the proofs and verdict. Nor would it help petitioner's position if we were to accede to his claim that three of the prior convictions alleged may not lawfully be considered in the proceeding on supplemental information, for there would still be three prior convictions plus the principal offense to support the finding that he is a fourth offender.

Petitioner objects to the method of proof of the prior convictions by introduction of certified copies of judgments of conviction and by having an expert compare fingerprints made by him with certified copies of fingerprints furnished by the various prisons of which petitioner was alleged to have been an inmate. He objects that no witnesses were produced to support the allegations of prior conviction. Any objection to methods of proof or introduction of evidence are to be raised on writ of error and not at this late stage by habeas corpus. These objections

relate only to matters of procedure and do not go to the jurisdiction of the committing court. Habeas corpus is not available to test questions of evidence (*In re Van Dyke,* 276 Mich. 32, certiorari denied 299 U. S. 608 [57 Sup. Ct. 236], rehearing denied 299 U. S. 624 [57 Sup. Ct. 319]), and relief is not available to one "convicted of a crime and committed by a court that has acquired jurisdiction and has not abused its power" (*In re Van Dyke, supra*). It is to be noted that we have insisted upon strict compliance with the essentials of the procedure when the questions are properly raised in a direct appeal. *People* v. *Brown,* 253 Mich. 537 (82 A. L. R. 341). We do not, however, commend the careless manner in which the documents were sought to be authenticated. See 3 Comp. Laws 1929, § 14173 (Stat. Ann. § 27.867); 3 Comp. Laws 1929, § 14193 (Stat. Ann. § 27.888); *People* v. *Reese,* 258 N. Y. 89 (179 N. E. 305, 79 A. L. R. 1329); *People* v. *Foster,* 3 Cal. App. (2d) 35 (39 Pac. [2d] 271); *State* v. *Hendrix,* 331 Mo. 658 (56 S. W. [2d] 76); *State* v. *Johnson,* 194 Wash. 438 (78 Pac. [2d] 561). See, also, 5 Wigmore on Evidence (3d Ed.), pp. 532, 757, §§ 1635a, 1678a.

As any claimed errors in the proceeding were nonjurisdictional in character and did not invalidate the process, the writs are dismissed.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.