*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEMETRIUS TAYLOR-BEY,

      Plaintiff-Appellant,

v

CARSON CITY CORRECTIONAL FACILITY
WARDEN,

      Defendant-Appellee.

UNPUBLISHED
April 30, 2019

No. 342122
Montcalm Circuit Court
LC No. 2017-023222-AH

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Plaintiff, Demetrius Taylor-Bey, appeals an order denying his petition for habeas corpus relief. We affirm.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

In 2009, following his conviction for felon in possession of a firearm, MCL 750.224f, and possession of a firearm while committing a felony, MCL 750.227b, the trial court sentenced plaintiff as a fourth habitual offender, MCL 769.12, to appropriate terms of imprisonment. While incarcerated, plaintiff was convicted of being a prisoner in possession of a weapon, MCL 800.283(4), for which he received a sentence of 16 months to five years in prison. In 2014, the Michigan Parole Board approved plaintiff's parole and assigned him a 24-month term of parole. In September 2015, plaintiff was convicted of filing a false police report, MCL 750.411a(1)(b) and sentenced to two years' probation. As conditions for his probation, plaintiff was prohibited from using or possessing weapons, using or possessing intoxicating substances, being in the company of anyone using or possessing weapons, operating a motor vehicle without permission from his parole officer, and associating with felons.

While plaintiff was on parole, Detroit Police Officers observed a person wanted on a felony warrant sitting in the passenger seat of the vehicle plaintiff was driving. After pulling the vehicle over, officers observed a small bag with "crumbs of crack/cocaine" on the ground near the passenger side of the vehicle. After having the passengers exit the vehicle, officers searched

it and found a paper bag containing 31 small bags of crack/cocaine in the back seat, and a large meat cleaver and a loaded handgun with an extended magazine in the front seat. Plaintiff denied knowledge of the gun, stating that it belonged to the person who had been sitting in the passenger seat. Plaintiff was charged with 11 parole violations as a result of this incident.

At a formal parole revocation hearing, the arresting officer testified that he observed plaintiff "lean over towards the passenger side floorboard" and he heard a thump sound on the floorboard. The officer testified that plaintiff told him that he was trying to get something out of the glove box, but that he did not see plaintiff move towards the glove box. When officers searched the vehicle, they recovered a handgun from under the front passenger seat. Plaintiff testified that when the police pulled him over, the person sitting in the passenger seat took the gun from her backpack and threw it under the front seat, and then threw her backpack in the backseat. Plaintiff explained that he reached into the center console to remove his driver's license, and the thump the officer heard was the center console closing. Plaintiff testified that he did not go to the glove box. Plaintiff testified that the only things he did wrong were driving without his parole officer's permission and picking up the wanted individual.

The parole board considered the charged parole violations of possessing a weapon and possessing ammunition. After considering plaintiff's past conviction for filing a false police report and his character for untruthfulness, the parole board found that the testifying officer was more credible than plaintiff's testimony and defense. The parole board found that there was "strong evidence" that plaintiff reached down toward the front passenger floorboard to discard the handgun and, in so doing, the gun made a thumping noise. By grabbing the gun to discard it, plaintiff was in actual possession of the gun, so the parole board found plaintiff guilty of possessing a weapon and possessing ammunition. The parole board also found plaintiff guilty of driving without his parole officer's permission, but dismissed all other parole violations.

Turning next to the question of mitigating circumstances, the parole board considered five letters of support provided by plaintiff, as well as character testimony from plaintiff and three supporting witnesses. Plaintiff's mother, friend, and girlfriend each testified that he would adhere to the terms of his parole if released, and that he was an asset, rather than a menace, to the community.

The parole board revoked plaintiff's parole, and plaintiff filed a pro se petition for a writ of habeas corpus challenging the parole board's decision. The trial court issued a brief order denying plaintiff's petition, finding that plaintiff was seeking relief outside the scope of a habeas action, and stating that plaintiff could seek relief from the parole board's decision by filing an administrative appeal.

## II. ANALYSIS

Plaintiff contends that the trial court erred by declining to consider the merits of his petition and by denying him habeas relief, and that his petition set forth radical defects in the parole board's jurisdiction that render the proceeding void. We disagree. We review de novo questions of law, *People v Henry*, 315 Mich App 130, 143; 889 NW2d 1 (2016), as well as a trial court's interpretation and application of statutes and court rules, *Morales v Parole Bd*, 260 Mich App 29, 33; 676 NW2d 221 (2003).

A parole board may revoke parole "[i]f a preponderance of the evidence supports the allegation that a parole violation occurred." MCL 791.240a(10). If a proceeding before the parole board contains a radical defect in jurisdiction that renders the proceeding or decision absolutely void, a petition for habeas corpus is proper. See *In re Stone*, 295 Mich 207, 209; 294 NW 156 (1940). "A radical defect in jurisdiction contemplates . . . an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission." *People v Price*, 23 Mich App 663, 671; 179 NW2d 177 (1970). Habeas relief is not available to "test questions of evidence," *Stone*, 295 Mich at 212, nor is it available as a writ of error, *Kenney v Booker*, 494 Mich 852, 852; 830 NW2d 382 (2013).

The trial court did not err in declining to consider the merits of plaintiff's petition. Plaintiff alleged in his petition that the board's conclusion that he was in violation of his parole was contrary to the evidence. He also alleged that the board violated his right to due process when it considered his conviction for filing a false police report while on parole, and when it determined his guilt based solely on the arresting officer's testimony. Finally, he alleged that he received ineffective assistance of counsel, and that the conditions of his parole were constitutionally vague. These allegations pertain to the board's consideration of the evidence of plaintiff's parole violation. Plaintiff essentially asked the trial court to review the sufficiency of the evidence, the contents of the evidence, defense counsel's performance with the evidence, and the parole board's determinations regarding the weight and credibility of the evidence. Habeas relief is not available to "test questions of evidence," *Stone*, 295 Mich at 212, nor is it available as a writ of error, *Kenney*, 494 Mich at 852. Thus, the trial court did not err by declining to consider these allegations of error in plaintiff's petition because they were not subject to habeas relief.

Plaintiff also alleged in his petition that the board denied him an in-person hearing at the mitigation stage of the revocation proceedings. To the contrary, the record evidence shows that plaintiff was present for the mitigation stage of the board's proceedings and presented five letters of support, testified, and presented the testimony of three other witnesses. Thus, plaintiff's allegation of error in the board's proceedings at the mitigation stage is without factual support. In addition, even if there were factual support for plaintiff's allegation, any error would not rise to the level of a "radical defect." "[T]he full panoply of rights due a defendant in a criminal proceeding does not apply to parole revocation, but . . . some orderly process, however informal, [is] required." *Triplett v Deputy Warden*, 142 Mich App 774, 782; 371 NW2d 862 (1985), citing *Morissey v Brewer*, 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972). Moreover, the due process required in the context of parole is minimal: a prisoner must be afforded an opportunity to be heard and provided with a statement of reasons why his parole was denied. *Swarthout v Cooke*, 562 US 216, 220; 131 S Ct 859; 178 L Ed 2d 732 (2011). The record is clear that plaintiff had an opportunity to be heard, to call his own witnesses, to cross-examine the State's witness, and to present evidence and witnesses of any mitigating circumstances, and that he received notification of why his parole was revoked. Thus, plaintiff enjoyed more than minimal due process. See *id*.

We conclude that the trial court did not err by declining to consider the merits of plaintiff's petition for a writ of habeas corpus. Five of plaintiff's six allegations of error

pertained to questions about evidence, and habeas relief is not available to "test questions of evidence," *Stone*, 295 Mich at 212, and plaintiff's sixth allegation was unsupported by fact.

Affirmed.

/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens