*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BOBBY EMMITT KENNEDY,

Defendant-Appellant.

FOR PUBLICATION
December 26, 2024
2:37 PM

No. 363575
Kent Circuit Court
LC No. 03-011966-FC

## ON REMAND

Before: FEENEY, P.J., and RICK and N. P. HOOD, JJ.

RICK, J.

This matter returns to us on remand from our Supreme Court following the Court's determination that this Court "erred in its retroactivity analysis because it based that analysis on the incorrect understanding that the defendant did not receive a preliminary examination." *People v Kennedy*, 513 Mich 1117 (2024). Having reexamined the record below as well as the entirety of the record created subsequent to our prior determination, we again affirm.

## I. FACTUAL BACKGROUND

In our prior opinion, we set forth the facts of this case as follows:

In 2003, defendant was indicted for murder by a one-man grand jury. Two years later, in 2005, a jury convicted defendant of first-degree premeditated murder, MCL 750.316(1)(a); felon in possession of a firearm (felon-in-possession), MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to life imprisonment without parole for the first-degree murder conviction, two to five years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for the felony-firearm conviction. Defendant's sentences for felon-in-possession and felony-firearm were ordered to run concurrently with each other, but consecutive to the sentence for first-degree murder. His convictions and sentences

-1-

were affirmed on direct appeal. *People v Kennedy*, unpublished per curiam opinion of the Court of Appeals, issued November 8, 2007 (Docket No. 271020).

In 2022, our Supreme Court held that one-man grand juries do not have the authority to issue indictments. *People v Peeler*, 509 Mich 381; 984 NW2d 80 (2022). Following the Court's ruling in *Peeler*, defendant moved for relief from judgment in the trial court under MCR 6.500 *et seq*. Defendant argued that his convictions and sentences should be set aside because he was indicted by a one-man grand jury in direct contravention of *Peeler*, which he claimed should be retroactively applied. Additionally, defendant argued that his convictions and sentences should be vacated because the indicting judge did not have authority to issue an indictment against him, suggesting that the trial court never acquired personal jurisdiction over him.

The trial court denied defendant's motion for relief from judgment. Quoting *People v Carp*, 496 Mich 440, 469-470; 852 NW2d 801 (2014), overruled by *Davis v Michigan*, 577 US 1186; 136 S Ct 1356; 194 L Ed 2d 339 (2016), the trial court explained that "[u]nder federal law, '[t]here is a general rule of nonretroactivity for cases on collateral review when it comes to applying new constitutional rules to cases that became final before the new rule was announced.' " It asserted that Michigan follows this general principle of nonretroactivity for new rules of criminal procedure. The trial court acknowledged that this Court has not addressed the retroactivity of *Peeler*, but observed that in similar cases, federal courts have found changes in law to be procedural and not applicable to collateral attacks once the window for direct appeal has closed. The trial court opined that defendant failed to provide proof that any aspect of *Peeler* should be applied retroactively. Likewise, the trial court rejected defendant's argument that the trial court did not have authority to file an indictment against him and that the trial court thus did not have jurisdiction over the case. The trial court explained that a jurisdictional defect did not occur, but that even if it had, it did not render defendant's convictions absolutely void, noting that defendant's one-man grand jury indictment was followed by a unanimous jury conviction. Accordingly, the court denied defendant's motion for relief from judgment. [*People v Kennedy*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No 363575); slip op at 1-2.]

This Court granted defendant's application for leave to appeal. *People v Kennedy*, unpublished order of the Court of Appeals, entered December 12, 2022 (Docket No. 363575). We ultimately affirmed defendant's convictions and sentences after concluding that, although *Peeler* could be applied retroactively, defendant failed to establish grounds for relief under MCR 6.508(D). *Kennedy*, ___ Mich App at ___; slip op at 2-5. We additionally found defendant's alternate argument regarding in personam jurisdiction unavailing, noting that nothing in *Peeler* suggested that a defective indictment resulted in a loss of in personam jurisdiction. *Id*. at ___; slip op at 6-7.

Defendant thereafter appealed to the Supreme Court. Of particular interest is defendant's handling of the jurisdictional matter. While he claimed that he did not receive a preliminary examination when his case was before this Court, he asserted on appeal that he *had* received a preliminary examination, and that this Court had erred in finding otherwise. Rather than decide

the matter on the merits, our Supreme Court remanded for reconsideration, noting that this Court's ruling was predicated on the erroneous finding that no preliminary examination was held. *Kennedy*, 513 Mich 1117.

We presume that the Supreme Court's conclusion that a preliminary examination was held is based on an entry in the register of actions indicating that an "EXAM" was held on January 6, 2004, along with defendant's claim that this Court erred by making findings to the contrary. Seeking clarification on the matter, this Court requested a copy of the preliminary examination transcript from defense counsel. Defense counsel did not provide the transcript. In a supplemental brief submitted to this Court, defendant retracted his statement that this Court erred by finding that no preliminary examination was held. Specifically, defendant stated:

> Ironically, and for whatever it may be worth, while the trial court Record of Actions reflects that a preliminary examination was held in this case, as counsel pointed out to the Supreme Court, the defendant-appellant has advised the undersigned, and insists, *that this record entry is in error, and that in fact no preliminary examination took place*. [Defendant]'s recollection is supported by the fact that - as this Court pointed out in its letter to counsel dated July 31, 2024 - the trial court record does not include a transcript of the preliminary examination which the Record of Actions shows as having been held on January 6, 2004. (In addition, counsel represent to the Court that they do not have, and have never seen, any such transcript[.]) [Emphasis added.]

Thus, defendant now insists that there is no transcript to be produced because he did not have a preliminary examination, directly contravening his argument to our Supreme Court. Nevertheless, we are tasked with considering this matter anew, and we will do so.

## II. ANALYSIS

On remand, defendant again argues that the trial court erred by denying his motion for relief from judgment because (1) *Peeler* requires his convictions and sentences be vacated, as they are erroneously based on an indictment from a one-man grand jury, and (2) the defective indictment procedure resulted in the trial court's failure to properly acquire jurisdiction. Once again, we disagree.

This Court reviews a trial court's decision on a motion for relief from judgment for an abuse of discretion. *People v Robinson*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 365226); slip op at 3. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*. Whether a trial court had jurisdiction to try a criminal case is a question of law that this Court reviews de novo. *People v Washington*, 508 Mich 107, 121; 972 NW2d 767 (2021). Questions regarding whether the trial court properly interpreted and applied relevant statutes and court rules are also reviewed de novo. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011).

The concept of a court's jurisdiction encompasses subject matter and personal jurisdiction. *People v Eaton*, 184 Mich App 649, 652; 459 NW2d 86 (1990). Subject matter jurisdiction refers to a court's authority to hear and decide cases of a particular type. *People v Washington*, 508 Mich

107, 121; 972 NW2d 767 (2021). "This authority is not dependent on the particular facts of the case but, instead, is dependent on the character or class of the case pending." *Id*. (quotation marks and citation omitted). Challenges to subject-matter jurisdiction may be brought at any time. *People v Johnson*, 345 Mich App 51, 58; 3 NW3d 846 (2022).

Personal jurisdiction, on the other hand, refers to a court's authority to bind parties to an action. *Eaton*, 184 Mich App at 652-653. Typically, a circuit court obtains jurisdiction over a defendant if they waive the preliminary examination in district court or have been bound over to circuit court after a preliminary examination. *People v Goecke*, 457 Mich 442, 458-459; 579 NW2d 868 (1998). Personal jurisdiction can also be obtained through an indictment or information. MCL 767.1. Both an indictment and an information are treated identically under the law. MCL 767.2. A defendant is entitled to a preliminary examination in district court before a prosecutor may file an information in circuit court. *People v Glass (After Remand)*, 464 Mich 266, 277; 627 NW2d 261 (2001). A defendant does not have a constitutional right to be brought before a trial court on an indictment, rather than an information. *Id*. at 278-279. A defendant brought before a court on a grand jury indictment does not ordinarily have a right to a preliminary examination. *Id*. at 283.

Unlike subject-matter jurisdiction, a defendant's right to challenge a court's exercise of personal jurisdiction is finite. The "procedural safeguards spelling out the method whereby a court obtains jurisdiction over the person of an accused are all designed for [the defendant's] protection." *People v Phillips*, 383 Mich 464, 470; 175 NW2d 740 (1970). Thus, if a defendant declines to take advantage of "the established procedural rights[,] there appears to be none who should be heard to complain." *Id*. A defendant may stipulate to personal jurisdiction, waive defects in personal jurisdiction, and may even implicitly consent to the trial court's exercise of personal jurisdiction. *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011).

Relevant to this appeal, the Legislature has made it clear that a defect in a charging instrument, such as an information or indictment, must be brought to the trial court's attention *before* the case is tried by a jury. See MCL 767.76. Additionally, the trial court may, "at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence." MCL 767.76. On the basis of this statute, this Court has held that a defendant waives any defect in the information by failing to raise the defect before trial. *People v Laslo*, 78 Mich App 257, 261; 259 NW2d 448 (1977). Our Supreme Court has similarly held that a valid verdict after proofs cures any incompleteness in the allegations from an information. *In re Stone*, 295 Mich 207, 211; 294 NW 156 (1940).

While defendant's claim was pending on appeal, this Court issued its ruling in *Robinson*, ___ Mich App at ___; slip op at 1, a case involving a defendant who was indicted by a one-man grand jury. Contrary to our ruling in *Kennedy*, ___ Mich App at ___; slip op at 2, the *Robinson* panel held that the decision in *Peeler* did *not* effect a retroactive change in the law. *Robinson*, ___ Mich App at ___; slip op at 4-6. For that reason, this Court ruled that the defendant in *Robinson* should have challenged the one-man grand jury indictment in his original appeal. *Id*. at ___; slip op at 6.

This Court also addressed whether *Peeler* implicated the trial court's jurisdiction, such that the defendant would be exempt from proving prejudice in his motion for relief from judgment. *Id*.

at ___; slip op at 6-12. See MCR 6.508(D)(3). After observing that our Supreme Court did not address the question of jurisdiction in *Peeler*, this Court examined a number of cases involving either a defective information or a defective indictment. *Id.* at___; slip op at 6-11. This Court noted that there were conflicting authorities as to whether a defective indictment or information deprived a trial court of jurisdiction. *Id.* After reviewing the relevant authority on the subject, the Court ultimately concluded that *Peeler* implicated "an error *in the exercise* of jurisdiction or some other nonjurisdictional error[,]" rather than an error related to subject-matter jurisdiction. *Id.* at ___; slip op at 11-12 (alteration in original).

This Court next considered whether the error identified in *Peeler* was harmless, and concluded that it was. *Id.* at ___; slip op at 12. The Court explained:

> We also find that the error here did not deprive the trial court of subject-matter jurisdiction because it was "procedural." See [*People v* ]*Scott*, ___ Mich [___, ___; ___ NW3d ___ (2024) (Docket No. 164790)]; slip op at 18. Like the issue in *Scott* and unlike in *Washington*, Michigan does not provide any constitutional right to a preliminary examination. *People v Hall*, 435 Mich 599, 603; 460 NW2d 520 (1990) ("[T]he preliminary examination is not a procedure that is constitutionally based."); *People v Johnson*, 315 Mich App 163, 200 n 7; 889 NW2d 513 (2016) ("[A] preliminary examination is not a constitutionally based procedure . . . ."). And the filing of an indictment, like the filing of an information after a preliminary examination, is governed not by any constitutional provision or right, but by statute. See MCL 767.45. Expanding on this analysis, we conclude further that reversal is unwarranted because the improper procedure utilized here constitutes harmless error. See *Hall*, 435 Mich at 612 (applying harmless error to prohibit automatic reversal for errors in preliminary examination proceedings); *Johnson*, 315 Mich App at 200 n 7 ("[A]ny errors that occur at a preliminary examination will be deemed harmless if the defendant is subsequently convicted at an otherwise fair trial."). Here, Robinson makes no argument regarding prejudice resulting from the error at issue, nor has he shown any errors that affected his actual trial. Because Robinson was also duly convicted by a jury in this case, any error in the indictment or preliminary examination process does not warrant reversal. [*Robinson*, ___ Mich App at ___; slip op at 12.]

We are bound by court rule to apply *Robinson* here. See MCR 7.215(J)(1). Under *Robinson*, any error in the indictment, including those pertaining to subject-matter jurisdiction, amount to a procedural defect that defendant should have raised in the trial court or on direct appeal. See *Robinson*, ___ Mich App at ___; slip op at 9-10. His failure to do so precludes him from successfully challenging the court's exercise of subject-matter jurisdiction here.

Although defendant's supplemental briefing largely focuses on *Robinson* and the issue of subject-matter jurisdiction, in his initial appeal, defendant challenged the court's exercise of personal jurisdiction. On remand, he appears to have abandoned that argument, although it is somewhat difficult to discern, as he largely only refers to the error in the indictment as a "jurisdictional defect," with no further specificity. However, even if defendant does wish to challenge the exercise of personal jurisdiction, he cannot prevail. Defendant never challenged the trial court's exercise of personal jurisdiction on the indictment throughout the lengthy lower court

-5-

proceedings. Instead, he elected to engage in every stage of the proceedings, including entering a plea of not guilty at the arraignment and participating in a 15-day jury trial. At minimum, these actions amount to implicit consent to the trial court's exercise of personal jurisdiction. *People v Kiyoshk*, 493 Mich 923, 923-924; 825 NW2d 56 (2013). Even if that were not the case, defendant waived any challenge to personal jurisdiction by failing to challenge the invalid indictment before trial. See MCL 767.76.

Defendant additionally asks this Court to issue an opinion in conflict with *Robinson*, as permitted by MCR 7.215(J)(2). However, defendant has not convincingly explained how this Court erred in *Robinson*. Even if he had done so, we agree with the reasoning in *Robinson* and its application here, in that the trial court had subject-matter jurisdiction to try defendant's case, and that any error in the circuit court's exercise of personal jurisdiction amounted to harmless procedural error. Ultimately, defendant has not established that the trial court lacked jurisdiction to try him for the offenses at issue. He has thus failed to demonstrate that the trial court abused its discretion by ruling that he was not entitled to relief from judgment. See MCR 6.508(D).

Affirmed.

/s/ Michelle M. Rick
/s/ Kathleen A. Feeney
/s/ Noah P. Hood