*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES HORNSBY,

        Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,

        Defendant-Appellee.

UNPUBLISHED
April 15, 2025
12:11 PM

No. 368860
Lapeer Circuit Court
LC No. 23-056577-AH

Before: MALDONADO, P.J., and CAMERON and YOUNG, JJ.

PER CURIAM.

Plaintiff, James Hornsby, filed a complaint for a writ of habeas corpus in the Lapeer Circuit Court, arguing his 1999 convictions were secured through fraud at every stage in the criminal procedural process, from his arrest to his sentencing. Seeing no radical jurisdictional defect required for habeas relief, the trial court dismissed Hornsby's complaint and all other pending motions. We affirm.

## I. PROCEDURAL HISTORY

This appeal arises from an underlying criminal case, which came before this Court on direct appeal in *People v Hornsby*, 251 Mich App 462; 650 NW2d 700 (2002). The facts which led to Hornsby's convictions are as follows:

> [Hornsby]'s convictions stem from his June 7, 1999, robbery of an Arbor drugstore in Grand Blanc Township. [Hornsby] entered the store shortly before closing time and placed some items in a handheld shopping basket. He approached a cashier and asked to speak to the store manager, ostensibly to obtain help in locating items he wished to purchase. An employee directed [Hornsby] to the shift supervisor, and she and [Hornsby] went to locate the items sought by [Hornsby]. As they stood alone in an aisle of the store, [Hornsby] produced a handgun and threatened to shoot the supervisor and the other store employees unless the supervisor took him to the store safe. The two then went into the manager's office, where [Hornsby] forced the supervisor to open the safe and place money in a manila envelope. [Hornsby] then left the store after again threatening to shoot the supervisor and the other

-1-

employees if she did not remain in the office for five minutes after his departure. The police ultimately apprehended [Hornsby] through the use of fingerprint analysis on a package of light bulbs found in the shopping basket that [Hornsby] left inside the store office. [*Id*. at 465.]

Following a jury trial in Genesee Circuit Court ("the trial court"), Hornsby was convicted on March 23, 2000, of armed robbery, MCL 750.529, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony, MCL 750.227b. He was sentenced as a third-offense habitual offender, MCL 769.11, to enhanced sentences of 30-50 years' imprisonment for the armed robbery conviction and to a concurrent term of five to ten years' imprisonment for the CCW conviction. Hornsby was also sentenced to a consecutive term of five years' imprisonment for the felony-firearm conviction. *Hornsby*, 251 Mich App at 455-456.

On direct appeal, Hornsby obtained some sentencing relief when this Court found the sentence for the CCW conviction impermissibly exceeded the sentence allowed under the sentencing guidelines. *Id*. at 473-474. Hornsby was resentenced to 2-11 years' imprisonment for CCW. However, during the course of his appeal, Hornsby expressed dissatisfaction with his representation.[1] He did not get new appellate counsel, and appointed counsel did not file an appeal on his behalf to the Michigan Supreme Court. It took 15 years from the time of his conviction for Hornsby to obtain a copy of his lower court file from appellate counsel. On his own, Hornsby twice pursued a writ of habeas corpus in federal district court, but was denied. Hornsby also filed a "motion to dismiss" in the trial court, which was construed as an MCR 6.500 motion and dismissed on October 22, 2014.

In April 2022, the Michigan Conviction Integrity Unit (CIU) contacted Hornsby, stating: "The CIU is currently partnering with the WMU-Cooley Innocence Project (Cooley) on two federal grants to review claims of innocence. As such Cooley, is screening CIU cases for potential DNA testing or unreliable forensics. We have identified your case as having potential DNA or forensics issues." The letter went on to describe the process in which Cooley would contact Hornsby to proceed with investigating his case. It is not clear what, if anything, occurred as a result of this contact.

On September 11, 2023, Hornsby *in propria persona* filed a Complaint for Writ of Habeas Corpus, in the Lapeer Circuit Court ("the circuit court"), contesting his detention in the Thumb Correctional Facility in Lapeer, Michigan.[2] This is the subject of the instant appeal. Hornsby alleged ineffective assistance of appellate counsel and also filed a motion for an evidentiary

---

[1] At this time, Hornsby did not have the option to file a Standard 4 brief to include issues his appellate counsel advised against raising. Standard 4 briefs were not made available to defendants until January 1, 2005. See Administrative Order No. 2004-6, 471 Mich c, cii (2004), Standard 4.

[2] Under MCR 3.303(A)(2), which details the procedure for an action for a writ of habeas corpus, "[t]he action must be brought in the county in which the prisoner is detained."

hearing to expand the lower court record in order to demonstrate how his convictions were a result of fraud.

In his brief in support of the complaint for a writ, Hornsby argued that he was wrongfully arrested on July 14, 1999, and held for five days without arraignment or bail on suspicion from an alleged partial fingerprint taken front the scene of the armed robbery reported on June 7, 1999. During a pretrial hearing, Hornsby's counsel moved for an independent fingerprint analyst to test DNA evidence found at the scene and the motion was granted. It is not clear from the record whether an independent fingerprint analysis occurred. Hornsby alleged that exculpatory DNA testing is no longer feasible because during closing arguments, the prosecutor opened the sealed DNA evidence before the jury, and using her bare hands, placed the evidence on the desk next to Hornsby. He alleged this intentionally tainted the evidence because it "effectively close[d] the door to any question of an unknown partial print, found at the scene of the armed robbery, which was not [Hornsby's] print[.]"

Hornsby also alleged the documents supporting his bindover "all bear identical ink residue appearing in the exact same areas of each document," and a forensic document examiner was needed to verify the authenticity of the documents. He alleged the notice of intent to seek a sentence enhancement contained fake charges. The record supports that there were some issues with the pretrial paperwork because the trial court judge stated at a pretrial hearing: "Well, I have no problem making corrections to some errors in the notice, we need to get that straightened out. It seems like the whole case is an error, the Information is wrong, the witness list is wrong, the notice is wrong, so it does seem that we need to start over and get it straightened out and at this time . . . ." Hornsby argued these issues with his trial constituted fraud upon the court, and were grounds for issuance of a writ of habeas corpus.

On October 12, 2023, Hornsby filed a motion for summary disposition under MCR 2.116(C)(7), and for immediate consideration, asking that his writ of habeas corpus be granted and that he be released, but did not specify which grounds within (C)(7) he sought relief under.[3] His motion stated the circuit court should grant summary disposition in his favor because of "the admissions of [MDOC] and the failure to deny that Genesee [C]ounty officers committed fraud upon the state and federal courts by presenting false evidence at preliminary examination for bind over purposes . . . ."

On November 6, 2023, the circuit court dismissed Hornsby's complaint for a writ of habeas corpus without holding the requested evidentiary hearing. The order stated that under MCL 600.4310, an action for habeas corpus to inquire into the cause of detention may not be brought by persons convicted upon *legal* process by a court of competent jurisdiction, and there must be a radical jurisdictional defect in the sentencing court's jurisdiction to justify issuance of a writ. The circuit court further explained that because Hornsby's judgment of sentence had not been set aside

---

[3] A motion under MCR 2.116(C)(7) may be granted where: "Entry of judgment, dismissal of the action, or other relief is appropriate because of release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, an agreement to arbitrate or to litigate in a different forum, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action."

by the sentencing court or by the court of appeals, it remained a valid judgment, allegations of fraud notwithstanding. Therefore, Hornsby was confined under legal process, and the writ of habeas corpus was denied. The order also declared the motion for an evidentiary hearing and motion for summary disposition moot. Hornsby now appeals as of right.

## II. ANALYSIS

Hornsby argues he is entitled to a writ of habeas corpus because a radical jurisdictional defect was created when court officers and the prosecutor allegedly committed fraud in fabricating evidence to charge, convict, and sentence him. More specifically, Hornsby argues the trial court abused its discretion by dismissing his petition without first holding an in-person evidentiary hearing to allow him to demonstrate how his convictions were obtained through fraud. We disagree and affirm.

### A. STANDARD OF REVIEW

A prisoner's right to file a complaint for a writ of habeas corpus is guaranteed by the Michigan Constitution. *Morales v Mich Parole Bd*, 260 Mich App 29, 40; 676 NW2d 221 (2003), citing Const 1963, art 1, § 12. Questions of constitutional law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "To qualify for habeas corpus relief under Michigan law, the plaintiff must identify a radical jurisdictional defect that renders his conviction "absolutely void." *Moses v Dep't of Corrections*, 274 Mich App 481, 486; 736 NW2d 269 (2007). A challenge to a court's jurisdiction is a question of law that we review de novo. *McKenzie v Dep't of Corrections*, 332 Mich App 289, 296; 957 NW2d 341 (2020). Issues of statutory interpretation are also reviewed de novo. *People v Carter*, 503 Mich 221, 226; 931 NW2d 566 (2019). Similarly, an appellate court reviews "de novo the proper interpretation and application of court rules." *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018).

### B. HABEAS CORPUS – OVERVIEW

"The object of the writ of habeas corpus is to determine the legality of the restraint under which a person is held." *Moses*, 274 Mich App at 485 (cleaned up). MCL 600.4310(3) (emphasis added) provides: "An action for habeas corpus to inquire into the cause of detention may not be brought by or on behalf of . . . [p]ersons *convicted . . . upon legal process*, civil or criminal." A convicted person qualifies for habeas corpus relief only when the "convicting court was without jurisdiction to try the defendant for the crime in question." *Moses*, 274 Mich App at 486 (cleaned up). "Moreover, to qualify for habeas corpus relief, the jurisdictional defect must be radical, rendering the conviction absolutely void." *Id*. "A radical defect in jurisdiction contemplates an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission." *Id*. (cleaned up). "Thus, while [a] plaintiff may not use a habeas proceeding as a substitute for an appeal or to review the merits of his criminal conviction, [a] plaintiff may assert a radical defect in the jurisdiction of the court in which his conviction was obtained." *Id*.

"It is a longstanding rule that defects in a court's subject-matter jurisdiction render a judgment void *ab initio*." *People v Washington*, 508 Mich 107, 129; 972 NW2d 767 (2021). "Subject-matter jurisdiction is a legal term of art[] that concerns a court's authority to hear and

determine a case." *Id*. at 121. "This authority is not dependent on the particular facts of the case but, instead, is dependent on the character or class of the case pending." *Id*. (cleaned up). "[W]e have recognized that circuit courts have subject-matter jurisdiction over felony cases." *Id*. at 122-123.

"Once a preliminary examination is held and the defendant is bound over on any charge, the circuit court obtains jurisdiction over the defendant." *People v Unger*, 278 Mich App 210, 221; 749 NW2d 272 (2008). "Subject matter jurisdiction is presumed unless expressly denied by constitution or statute . . . ." *People v Goecke*, 457 Mich 442, 458; 579 NW2d 868 (1998). Additionally, "[h]aving once vested in the circuit court, personal jurisdiction is not lost even when a void or improper information is filed." *Id*. at 459. The felony information is a document that notifies a defendant of the charges brought against him. *People v Waclawski*, 286 Mich App 634, 706; 780 NW2d 321 (2009). "The dispositive question in determining whether a defendant was prejudiced by a defect in the information is whether the defendant knew the acts for which he or she was being tried so that he or she could adequately put forth a defense." *Id*.

## C. APPLICATION

Hornsby argues the following instances constitute fraud upon the court and divested the trial court of subject-matter jurisdiction: (1) the prosecution charged Hornsby by fabricating DNA fingerprint evidence and by eliciting false testimony from police officers which rendered his bindover void; (2) during trial, the prosecution tainted physical evidence obtained from the scene of the crime so that an independent fingerprint analysis, requested by Hornsby's defense counsel and granted by the trial court, could not be conducted; and (3) the notice of sentence enhancement submitted to the sentencing court contained fake charges. On appeal, Hornsby more specifically argues the circuit court abused its discretion in dismissing his complaint for a writ of habeas corpus without first allowing him an evidentiary hearing to present evidence, including expert witness and deposition testimony, that fraud upon the court was committed in his criminal trial.

While it is important to acknowledge how difficult it is for an incarcerated person to bring a case, and that it took Hornsby 15 years to obtain a complete lower court file, a complaint for a writ of habeas corpus is not the appropriate means for Hornsby to seek exoneration. His claim that his convictions were achieved through fraud and deception by the Genesee County Prosecutor's Office does not divest the trial court of subject-matter jurisdiction. Hornsby does not allege he was unaware of the charges he was facing and unable to put forth a defense, nor does he allege ineffective assistance of trial counsel at any point in the pre-bindover stage of his criminal proceedings that would constitute a radical jurisdictional defect. See *In re Offill*, 293 Mich 416, 419; 292 NW 352 (1940) ("The claim that a plea of guilty was obtained through deception or duress cannot be inquired into in a habeas corpus proceeding, as such proceeding has to do only with the legality of the detention."). The circuit court was correct to dismiss Hornsby's complaint for a writ of habeas corpus because his judgment of sentence "remains a valid judgment, allegations of fraud notwithstanding," and that "the question of whether the government engaged in fraud must be answered in the first instance by the trial court." Any challenge to the evidence

used to charge, convict, and sentence Hornsby is more appropriately reserved for a motion for relief from judgment in the trial court under MCR 6.500 *et seq*.[4]

With regard to Hornsby's argument that the circuit court abused its discretion in denying him an evidentiary hearing before dismissing his complaint, there is no requirement in MCR 3.303, which governs habeas proceedings, that a hearing be held before the circuit court decides to issue the writ. A circuit court need not even entertain responsive pleadings regarding a complaint for a writ of habeas corpus if "it appears that the prisoner is not entitled to relief." MCR 3.303(D)(1). Thus, the circuit court did not err in dismissing the complaint without an evidentiary hearing because it determined, based on Hornsby's allegations of error, that there was no radical jurisdictional defect in the trial court's authority to charge, try, convict, and sentence him.

## D. MOOTNESS OF PENDING MOTIONS

Defendant, the Michigan Department of Corrections is correct that because a writ of habeas corpus is an extraordinary writ, MCR 3.301(A)(1)(b), and is governed by MCR 3.303, the general rules of civil procedure, and the availability of a motion for summary disposition, do not apply to habeas proceedings. Further, because the trial court dismissed the underlying complaint for which the motion for summary disposition and the motion for an evidentiary hearing relied on, on the basis that Hornsby is not entitled to relief by way of habeas proceedings, MCR 3.303(D)(1), the pending motions were moot. If the trial court were to make a ruling on the motions, there would be no practical legal effect of the rulings because the underlying legal controversy ceased to exist when the complaint was dismissed. See *Anway v Grand Rapids R Co*, 211 Mich 592, 610; 179 NW 350 (1920) (cleaned up) (It is "universally understood that a moot case is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.") Accordingly, all pending motions were appropriately dismissed as moot.

## III. CONCLUSION

The trial court did not err in dismissing Hornsby's complaint for a writ of habeas corpus, or in dismissing any pending motions as moot. Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Thomas C. Cameron
/s/ Adrienne N. Young

---

[4] See *In re Stone*, 295 Mich 207, 211-212; 294 NW 156 (1940) ("[a]ny objections to methods of proof or introduction of evidence are to be raised on writ of error and not at this late stage by habeas corpus. These objections relate only to matters of procedure and do not go to the jurisdiction of the committing court. Habeas corpus is not available to test questions of evidence . . . ."). We acknowledge there has already been a denial of an MCR 6.500 motion in the trial court. However, MCR 6.502(G)(2)(b) permits a subsequent motion based on a claim of new evidence that was not discovered before the first motion was filed.